JOHN F. BERTON *vs.* ATLAS ASSURANCE COMPANY.

Suffolk.    March 25, 1909. — September 9, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Agreed statement of facts. *Insurance,* Fire.

Where a case is submitted upon an agreed statement of facts with no power to draw inferences, the judgment must be for the defendant unless the facts show as matter of law that the plaintiff is entitled to recover.

In an action against an insurance company on an agreement, contained in a policy of fire insurance alleged to have been cancelled by the defendant, that in case of such cancellation the defendant should pay to the plaintiff a ratable portion of the premium named in the policy, the case was submitted upon an agreed statement of facts with no power to draw inferences. Under the terms of the policy the defendant had a right to cancel the policy upon giving a notice in writing to the insured and tendering to him the amount of the unearned premium. Neither of these things was done. It appeared by the agreed statement of facts that, when the policy had been in force for four months, no part of the premium had been paid, and a note which had been given to secure

the payment of the premium had been dishonored, that thereupon the agent of the defendant wrote to the plaintiff asking him to return the policy immediately for cancellation, that the plaintiff returned the policy and it was cancelled. *Held*, that a finding that the cancellation was by mutual consent, so that the provision for a return of unearned premium was not applicable, would not be inconsistent with the agreed facts, and indeed was warranted by them, and that the plaintiff had failed to show as matter of law a right to recover, so that judgment must be given for the defendant.

CONTRACT for the amount of an unearned portion of a premium upon a policy of fire insurance alleged to have been cancelled by the defendant. Writ dated December 17, 1908.

The declaration alleged that the plaintiff was the owner of a hotel in Bridgton, Maine, known as the Bridgton House; that on or about May 1, 1908, he and one Amos W. Knight entered into mutual covenants under seal whereby the plaintiff promised to deliver to Knight a good and sufficient warranty deed of the hotel, after Knight had paid the plaintiff therefor the sum of $14,000 in three equal instalments, the last of which was to be paid on or before August 1, 1912; that Knight in the meantime was to be put in possession of the hotel and was to remain in possession; that Knight also covenanted to insure the hotel in some good insurance companies for a certain sum, during the period to August 1, 1912, such insurance to be in the name and for the benefit of the plaintiff, and all premiums for such insurance to be paid for by Knight; that Knight, in compliance with his obligation to the plaintiff, did negotiate with E. C. Jones and Company, agents of the defendant, for the insurance he was bound to furnish to the plaintiff, and, as a result of such negotiation, the defendant, on or about July 7, 1908, issued an insurance policy, covering the hotel, against loss by fire, naming the plaintiff as the insured party in the policy, and promising to indemnify him against loss of the hotel to the extent of $1,500 for the period of one year from July 7, 1908; that the policy of insurance was delivered to the plaintiff and was accepted by him; that one of the provisions of the policy was that either the insurer or the insured could cancel the policy at will, but that if the insurer should elect to cancel the policy it promised to pay to the insured a ratable portion of the premium named in the policy; that the premium named in the policy was $45, and it was stated in the policy

that this premium had been received by the defendant; that thereafterward, on or about November 7, 1908, the defendant elected to cancel the policy and did cancel it, and that thereupon the defendant owed the plaintiff a ratable portion of such premium; and that, although often requested by the plaintiff, the defendant refused and neglected to pay it to the plaintiff.

The defendant, in its answer, after a general denial and an allegation of payment, alleged that no premium on this policy had ever been paid by the plaintiff, or by Amos W. Knight; that Knight gave a note to the defendant as collateral security for the amount of the premium; that this note had never been paid, and that, as no premium had been paid by Knight or the plaintiff, the plaintiff was not entitled to any return premium.

In the Superior Court the case was submitted to *Wait,* J., upon an agreed statement of facts, which gave no power to draw inferences. The material facts contained in the statement are described in the opinion. It concluded as follows: " It is agreed that if, on these facts, the plaintiff ought to recover, judgment shall be entered for the plaintiff in the sum of $41.25. If the court finds that the defendant ought to prevail, judgment shall be entered for the defendant."

The judge ruled that the plaintiff could not recover, and reported the case for determination by this court. If his ruling was correct, judgment was to be entered for the defendant; otherwise, judgment was to be entered for the plaintiff in the sum of $41.25.

*O. C. Scales,* for the plaintiff.

*A. D. Hill & F. J. Sulloway,* for the defendant.

HAMMOND, J.    The case having been submitted upon an agreed statement of facts with no power to draw inferences, the judgment must be for the defendant unless the facts show as matter of law that the plaintiff is entitled to recover. No inferences except those necessarily implied by law can be drawn either for or against the plaintiff. *Boston* v. *Brooks,* 187 Mass. 286, and cases cited. *Commonwealth* v. *Cutter,* 13 Allen, 393. *Old Colony Railroad* v. *Wilder,* 137 Mass. 536. The question therefore is not whether the agreed facts, with such inferences as a trier of fact, — either judge or juror, — could properly draw, would warrant a finding for the plaintiff, but whether, as

matter of law, the agreed facts with the necessary legal infer- ences require a judgment for him.

The action is brought upon the theory that the policy in question was cancelled by the defendant in the exercise of the right therein reserved to it. But it is manifest that a contract of insurance, like any other contract, can be cancelled or prematurely terminated by mutual consent of the parties. If the policy was cancelled under the right reserved in the contract, then the question would arise whether under the peculiar circumstances the plaintiff was entitled to the return premium. If, however, the policy was cancelled by mutual consent, the provision for the return premium is not applicable.

We are of opinion that the agreed facts do not show conclusively that the policy was cancelled by the defendant in the exercise of the right therein reserved. The whole premium had been charged to the plaintiff, but no part of it had been paid by him or by Knight. As between the insured and the insurer no part of the premium had been paid. The note given by Knight was dishonored when it came due, and it does not appear that any part of it ever has been paid. On November 2, 1908, just before the time it became due, Jones and Company, the defendant's agents, wrote to the plaintiff as follows:

" We understand that you were in our office last Saturday in regard to the insurance on the ' Bridgton House ' and we would advise you that the note in payment of these policies comes due November 7th, the same being for $330.

" These policies are all written in your name and while we took a note from Mr. Knight as collateral to the account, yet the policies are not paid for until the note is paid.

" It being necessary to take immediate action, will you kindly advise us at once if it is your intention to pay the note at maturity. We presume you will desire to pay this note in order to continue your protection, but if not, kindly advise us at once, so that we may order the policies cancelled and stop expense for you as it is now running on."

No reply having been received, Jones and Company, on November 10, 1908, wrote to the plaintiff as follows:

" As we have heard nothing from you in reply to our favor of November 2nd, in regard to the insurance on the ' Bridgton

House' and as we were obliged to pay the note given us for $330 at its maturity yesterday, we would request that you immediately return to us the policies delivered to you by Mr. Anthoine a week ago, as we desire to cancel the same.

" We would be pleased to continue these policies for you but we are not willing to take any loss on them ourselves as it is not necessary. If you will give this matter your prompt attention, it will save us from the disagreeable duty of serving cancellation notices, which must be done to protect ourselves.

"Please let us hear from you. . . ."

Whereupon and in compliance with the request contained in this last letter, the plaintiff returned the policy, with the other seven which stood in the same way, to Jones and Company, and they were cancelled. It does not appear that at or before the time of the delivery of the policy to Jones and Company, or at or before the time of the cancellation, the plaintiff demanded or expected to have any part of the premium returned, although it is stated that before the bringing of the action the plaintiff had often demanded it. It appears that in order to cancel the policy under the right reserved in it the defendant was required to give written notice to the insured and to tender to him the amount of the unearned premium. Neither was done. The plaintiff gave up the policy to relieve the agents from issuing a cancellation notice. Neither he nor anybody for him had paid a dollar for the insurance of four months he had already received. It may well be argued upon the facts that he was content to give up the policy and " call it square," and that the cancellation was by mutual consent; and a finding to that effect would not be inconsistent with the agreed facts but would be fully warranted by them. Under those circumstances it could not be ruled as matter of law that the plaintiff could recover. The only ruling that could have been made was that the plaintiff had failed to show as matter of law a right to recover; and this we understand to have been the ruling in fact made. The ruling having been right, in accordance with the terms of the report there must be

*Judgment for the defendant.*