ETTA FRIEDMAN *vs.* HISS B. JAFFE & another.

Worcester. October 3, 1910. — October 18, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Agreed statement of facts. *Evidence,* Presumptions and burden of proof. *Fence.*

It is a familiar rule that when a case at law is presented for decision upon an agreed statement of facts, without an agreement that inferences may be drawn, no inferences can be drawn from the facts stated, and the only question is whether the facts as matter of law entitle the plaintiff to a judgment in his favor.

An action under R. L. c. 33, § 7, to recover the value of a portion of a partition fence erected by the plaintiff and assigned by the fence viewers to the defendant to repair and maintain, was submitted to the court for decision upon an agreed statement of facts with no agreement that inferences might be drawn. It was stated that the plaintiff and the defendant were the owners of adjoining lands, on and between which the partition fence was built by the plaintiff, but there was no statement that the plaintiff was the occupant of the land which he owned or that the defendant occupied the land owned by the defendant. *Held,* that, a remedy being given by the statute only where "a partition fence is required between the lands of adjoining occupants," the plaintiff had not stated a case which entitled him to judgment against the defendant, and that judgment must be entered for the defendant.

CONTRACT under R. L. c. 33, § 7, for $37.50 as the value of a portion of a partition fence erected by the plaintiff on and between adjoining lands of the plaintiff and the defendants in Worcester, which was alleged to have been assigned by the fence viewers to the defendants to repair and maintain. Writ in the Central District Court of Worcester dated May 29, 1907.

On appeal to the Superior Court the case was submitted to *Richardson,* J., upon an agreed statement of facts, as follows:

"That on or about September 10, 1906, the plaintiff and the defendants were owners of adjoining lands, the plaintiff being the owner of the premises numbered 82 Lamartine Street, Worcester, Mass., and the defendants were owners of the premises numbered 76 Lamartine Street in said city.

"That no partition fence existed between said adjoining lands on said date. .

"That on or about said date, the plaintiff being aggrieved by the neglect of the defendants to build a partition fence together with the plaintiff, the plaintiff made a complaint to

Maurice L. Katz, A. C. Buttrick and James A. Gallager, duly appointed fence viewers of the city of Worcester of such neglect, who after notice to each party viewed the said premises and afterwards made a decree in writing that a partition fence was required between the lands of the plaintiff and Paulina M. Jaffe, one of the said defendants, said complaint having been made against the said Paulina M. Jaffe and directing her, the said Paulina M. Jaffe, to build that portion of the fence assigned to her to be built described in the copy of the decree annexed to the pleadings, and also directing the said plaintiff to build that portion of the fence assigned to her to be built as described in said copy of the decree, which decree was duly recorded in the office of the city clerk of Worcester, Mass.

" That in accordance with the said decree the said Paulina M. Jaffe was ordered to build a portion of the fence within fifteen days of the date of the decree, which she failed to do, and the plaintiff therefore built the entire fence and made demand for the sum of $47, which was one-half of the value of the erection of said entire fence, and which amount had been ascertained by a certificate under the hands of said fence viewers as the value of said one-half of the building of said fence.

" Upon the defendant Paulina M. Jaffe refusing to pay the same for one month after demand, said plaintiff instituted a suit in the Central District Court on the fifth day of December, 1906, to recover said value of $47, which suit was returnable in said court on the twenty-second day of December, 1906.

" Said cause was tried on the sixteenth day of February, 1907, and the court rendered a verdict for the defendant in said action ; that subsequently on or about the thirteenth day of March, 1907, the said plaintiff requested the said fence viewers to appraise, and apportion said fence and assign ' to the plaintiff and said defendants their share of said fence respectively ; that due notice was given to the plaintiff and also to the said defendants of the hearing, which notice was received by said defendants and said plaintiff ; that said fence viewers viewed said premises and afterwards made a decree in writing, which decree was duly recorded in the office of the clerk of the city of Worcester, and a copy of which is annexed to the pleadings in the case, in which decree said fence viewers assigned to the plaintiff and the

defendants the share of the partition fence, which was to be maintained and repaired by each of the parties to this action respectively and ordered said defendants to pay the value of said portion thereof as was assigned to them to repair and maintain, which amounted to the sum of $37.50, which sum the said defendants were ordered to pay to the said plaintiff.

" Said fence viewers also in said decree made a certificate of the amount of fees, which were to be paid by said plaintiff and the said defendants; that said plaintiff made a demand for said sum of $37.50 and upon the refusal of the said defendants to pay the same for one month after demand, the plaintiff brought this action to recover said amount; that before said demand was made by the said plaintiff, the fence viewers sent copies of the decree to the said defendants; that neither one of the parties to this action lived in the houses on the respective premises but the tenants had possession of their respective tenements; that there were three tenements, one store and bakery in the building owned by the said defendants; that there were seven tenements in the building owned by the said plaintiff; that in each of said respective buildings, said tenements were rented of the plaintiff and the defendants, at a monthly rental by tenants at will. The respective premises were enclosed by fences with the exception that there was no fence on the dividing line between said premises until the fence was erected by the plaintiff as herein stated and there was no fence in front of said Jaffe premises, and that said premises owned by the plaintiff and the defendants were improved land having buildings on them as aforesaid.

" It is also agreed that, if the finding should be for the plaintiff, damages are to be assessed in the sum of $37.50."

The judge ordered that judgment should be entered for the defendants. From the judgment entered in accordance with this order the plaintiff appealed.

*S. G. Friedman,* for the plaintiff.

*J. E. Sullivan & D. F. O'Connell,* for the defendants, submitted a brief.

KNOWLTON, C. J. This is an action, brought under the R. L. c. 33, § 7, to recover the value of a portion of a partition fence erected by the plaintiff and assigned by the fence viewers

to the defendants to repair and maintain. It is submitted to the court upon an agreed statement of facts, and it is a familiar rule of law that, upon a case thus presented, no inferences can be drawn from the facts stated, but the question is whether these facts entitle the plaintiff, as matter of law, to a judgment in his favor. *Mayhew* v. *Durfee*, 138 Mass. 584, 585. *Schwarz* v. *Boston*, 151 Mass. 196, 197. This section of the statutes and the earlier sections in the same chapter which give a plaintiff a right to recover upon an award of fence viewers all relate to proceedings by occupants of land against the occupants of the adjoining land, in reference to a partition fence erected or to be erected on the boundary line between the lands of the respective occupants. Owners of lands, as such, can have none of these remedies. Their rights, if they have any, result only from the fact that they are occupants. This appears from the language of the statute, and was adjudicated in *Fay* v. *Elliott*, 154 Mass. 587.

It is nowhere stated as one of the agreed facts that the plaintiff was an occupant of the land that she owned, or that the defendants were occupants of their land. All that is stated affirmatively in reference to their relations to the land is entirely consistent with an occupation of the property by tenants for years or at will, and the exclusion of these parties from occupation. If the agreed facts stopped with what is affirmatively stated as to the relations of the parties to their respective lands, the plaintiff would fail to make out a case. But the agreed statement goes on negatively to show that "neither one of the parties to this action lived in the houses on the respective premises but the tenants had possession of their respective tenements; that there were three tenements, one store and bakery in the building owned by the said defendants; that there were seven tenements in the building owned by the said plaintiff; that in each of said respective buildings, said tenements were rented of the plaintiff and the defendants, at a monthly rental by tenants at will." If the matter were open for inference, it might be argued with much force upon this statement that all the property appears to have been let, and that the lands on each side, along the boundary line, were included with some of the tenements, and were exclusively in the occupation of some of the tenants. Possibly an argument might be made in favor of the opposite

inference. But upon this record the subject is not open for inference. The question is whether facts are stated which show as matter of law that the plaintiff and the defendants were in the occupation of the adjoining lands along the boundary line. The record contains no direct statement upon this point. If these lands were not included in the property let to any of the tenants referred to, they may have been in the occupation of other persons who hired the land by itself. The plaintiff has not stated a case which entitles her to a judgment against the defendants.

We do not consider whether the proceedings before the fence viewers, as set out in this record, include everything that would be necessary to entitle the plaintiff to recover, if it appeared that the parties were in occupation of the lands along the line.

*Judgment for the defendants.*