CHERUBINO FRATI *vs.* RAFFAELE JANNINI & another & trustee.

Suffolk.   November 23, 1916. — April 5, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, &
CARROLL, JJ.

*Practice, Civil,* Case stated, Agreed statement of facts.   *Contract,* Construction,
Performance and breach.

Discussion by RUGG, C. J., of the origin and character of a "case stated."

A brief statement of facts agreed to by the parties in an action at law and called an
   "Agreed Statement of Facts," which terminated with the words, "It is also
   agreed that the foregoing is all the evidence and all the material facts," here
   was *held* not to be a "case stated" but to be a statement of the evidence agreed
   to by the parties as a substitute for oral and documentary evidence.

Where a man is hired to work "by the month" at the rate of a sum named "per
   month," the hiring is not for an indefinite period, but is an agreement that at
   the end of any monthly period either party can terminate the employment, and
   that, in the absence of anything being said or done, when a new month of work
   is entered upon the parties become bound, the one to work and the other to
   employ, for another month.

Where it was agreed, as the substance of all the material evidence in an action at
   law, "that the plaintiff was hired by the defendant to work for him by the
   month, and the date of hiring was on or about the 20th of April, 1915; that the
   plaintiff continued to work for the defendant for the month of April and was
   paid therefor; that he then continued to work for the defendant up to the
   twenty-seventh day of May, and without cause ceased to work for the defend-
   ant;" and further "that the contract of hire was at the rate of $45 per month,"
   it was *held,* that, when the plaintiff was paid for the month of April, the con-
   tract became one to work by the calendar month, and that the plaintiff, having
   failed to work through the month of May, had broken his contract for that
   month and was not entitled to recover anything for his work in May either on
   the contract or on a *quantum meruit.*   RUGG, C. J., and two other justices not
   named dissenting as to the effect of the payment for the month of April.

CONTRACT on an account annexed for $40.50, with one item,
dated May, 1915, "To 27 days wages at $45 per month as cook."
Writ in the Municipal Court of the City of Boston dated July 1,
1915.

On removal to the Superior Court the case was submitted to
*Hall,* J., upon an "Agreed Statement of Facts," which is quoted
in full in the opinion.   The judge found for the plaintiff and as-
sessed damages in the sum of $43.18. · He ordered judgment

accordingly, and from the judgment entered in pursuance of the order the defendants appealed.

R. L. c. 156, § 6, referred to in the opinion, is as follows: "Questions of law arising upon exceptions or report, upon appeals from the Superior Court, upon cases stated or upon special verdicts and all issues in law, except as otherwise provided, shall be heard and determined by the full court."

The case was submitted on briefs at the sitting of the court in November, 1916, and afterwards was submitted on briefs to all the justices.

*J. E. Crowley & A. Cangiano,* for the defendants.

*E. O. Howard,* for the plaintiff.

RUGG, C. J. This case was heard by a judge in the Superior Court upon what is termed in the record "Agreed Statement of Facts." "Agreed facts," "agreed statement of facts," and other phrases of similar tenor, often are used somewhat loosely.

There are three ways in which a case at law may be presented for decision on its merits. One is by the introduction of oral and documentary evidence in the ordinary way, which results ultimately in a verdict if the trial is had before a jury, or in a finding if the trial is had before a judge. The second way is by an agreement of the parties as to the evidence which shall be considered by the court or jury. In such instance the agreement merely takes the place of the evidence which otherwise would be introduced in the usual way, and either the jury renders a general verdict or the judge makes a general finding founded upon that evidence. The third way is for the parties to agree upon all the material ultimate facts on which the rights of the parties are to be determined by the law. The accurate phrase to express this way of presenting a case is "case stated," although not infrequently the words "agreed facts" or "agreed statement of facts" are used. This course leaves no room for inference (unless and except as modified by St. 1913, c. 716, § 5). It had its origin in the ancient common law practice of the return of a special verdict by a jury. A special verdict is one where the jury render no general verdict, but find on the entire evidence all the facts, including the damages, and report them to the court with the statement that they are ignorant in point of law for which side they ought to find the issue, and that if on the law the court says they ought to

return a verdict for the plaintiff, they do so, otherwise they return a verdict for the defendant. This practice grew out of statute of Westminster, 2, 13 Edw. I. c. 30, § 2. 3 Bl. Com. 377, 378. *Rand* v. *Hanson,* 154 Mass. 87, 91. *Diehl* v. *Ihrie,* 3 Whart. 143. *Tyson* v. *Western National Bank of Baltimore,* 77 Md. 412, 421. *Supervisors* v. *Kennicott,* 103 U. S. 554, 556. Special verdicts are recognized by R. L. c. 156, § 6. The history of procedure in this Commonwealth on "case stated" may be found in *Old Colony Railroad* v. *Wilder,* 137 Mass. 536.

Often a difficulty of construction arises to determine whether, on the one hand, the document stating facts is a "case stated" or whether, on the other hand, it is merely a part or the whole of the evidence in the case or a statement of agreed facts submitted as evidence from which by inference or otherwise the ultimate facts are to be deduced. *Souther* v. *Gloucester,* 187 Mass. 552, 557. *Timberlake* v. *United Order of the Golden Cross,* 208 Mass. 411, 419. The determination of that question when it arises must be made on the substance of the thing done and not upon the name or description applied to it. That question assumes importance now by reason of St. 1913, c. 716, § 5, whereby it is provided that inferences of fact may be drawn on a "case stated" unless parties expressly agree to the contrary.

It has been held before the enactment of St. 1913, c. 716, § 5, that upon a "case stated" no inference of fact could be drawn, and unless as matter of law the plaintiff was entitled to prevail, judgment was entered for the defendant. *Cunningham* v. *Connecticut Fire Ins. Co.* 200 Mass. 333, and cases collected. *Berton* v. *Atlas Assurance Co.* 203 Mass. 134, 136. *Friedman* v. *Jaffe,* 206 Mass. 454. *Norton* v. *Brookline,* 181 Mass. 360, 364.

If the agreed facts are submitted to the tribunal merely as evidence and in place of ordinary proof, then that portion of that statute does not apply and the case stands as does any other case at law coming by appeal or report from the decision of the trial judge. Ordinarily by appeal in an action at law no evidence is brought before this court. But an appeal from a decision on facts agreed as evidence is treated as raising the question of law whether on all the evidence the verdict or finding was warranted as matter of law. *Ingalls* v. *Hobbs,* 156 Mass. 348. *Harmon* v. *Sweet,* 221 Mass. 587, 598, and cases cited.

The question presented to this court, then, is whether on all the evidence which has become by the agreement a part of the record, the finding of the judge was warranted as matter of law.

In the case at bar the "Agreed Statement of Facts" was in these words: "It is agreed that the plaintiff was hired by the defendant to work for him by the month, and the date of hiring was on or about the 20th of April, 1915; that the plaintiff continued to work for the defendant for the month of April and was paid therefor; that he then continued to work for the defendant up to the twenty-seventh day of May, and without cause ceased to work for the defendant. It is further agreed that the contract of hire was at the rate of $45 per month. It is also agreed that the foregoing is all the evidence and all the material facts." It is manifest that, although brief, this was intended as a statement of the evidence and not as a "case stated." The use of the word "evidence" in its last sentence admits of no other interpretation. See *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230, 231. Therefore, this case came before the court in the second way above described. It becomes unnecessary to consider the effect of St. 1913, c. 716, upon a "case stated." The question here presented is whether the finding for the plaintiff in the sum stated was warranted as matter of law.

The contract of hiring was "by the month." The plaintiff agreed to work and the defendant agreed to hire "by the month." These words import successive periods of a month each. They are incompatible with the idea of an employment terminable at the will of either party. The payment for the service being "at the rate of $45 per month," tends to confirm the construction that the contract was to work for periods of that length and at least for one month. Although perhaps this might not be decisive standing alone, yet in connection with the agreement "to work . . . by the month," it weighs in favor of the interpretation that the contract was not indefinite as to time. Payment for services at a given rate per year has been held in some cases to mean employment for an indefinite time terminable by either party at will. But by the weight of authority that factor "alone, in the absence of any other consideration impairing its weight, will sustain a finding that there was a hiring for that period." *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 5, where the cases are collected.

On the facts submitted as evidence a ruling or finding that the hiring was for an indefinite period terminable at the will of either party was not permissible as matter of law. *Nichols* v. *Coolahan,* 10 Met. 449. The circumstance that the plaintiff was paid for the work performed in April does not bear upon this point. The agreed facts are silent as to the time when the wages should be paid. The parties could do as they chose about that. The "Agreed Statement of Facts" required a finding as matter of law that the hiring was by the month. Either party could terminate the employment at the end of any monthly period. In the absence of anything being said or done when the second month of work had been entered upon, the parties became bound the one to work and the other to employ for another month. Neither with impunity could end the contract without justification. It hardly would be contended that the hiring of a tenement by the month would constitute a tenancy at sufferance and not a tenancy at will, which under R. L. c. 129, § 12, is similar to a tenancy from month to month.

Since it is agreed that the plaintiff "without cause ceased to work for the defendant" on May 27, he can "maintain no action to recover a compensation for any services actually performed under the contract" for the second month. *Thayer* v. *Wadsworth,* 19 Pick. 349, 351. *Stark* v. *Parker,* 2 Pick. 267. *Davis* v. *Maxwell,* 12 Met. 286. He cannot recover on the contract, for he failed without cause to perform it. He cannot recover on a *quantum meruit,* for one who voluntarily without just excuse refrains from performing his contract cannot recover the value of the part performed. *Homer* v. *Shaw,* 177 Mass. 1, 5; *S. C.* 212 Mass. 113, 116. *Sipley* v. *Stickney,* 190 Mass. 43, 46. *Mark* v. *Stuart-Howland Co., ante,* 35, and cases there cited. The plaintiff does not rely upon St. 1915, c. 75, amending St. 1914, c. 247, and St. 1909, c. 514, § 112 (see now St. 1916, c. 229) and, as it does not appear that that act has any pertinency, it need not be considered.

The contract of employment being by the month, its beginning and end must be determined as a fact on the agreed facts. It is agreed that the date of hiring was on or about the twentieth of April and that "the plaintiff continued to work for the defendent for the month of April and was paid therefor." Speaking for myself and two of my associates, this payment does not seem to

be enough to transform the original contract, which would have run until the twentieth of May, into a contract for the calendar month; but a majority of the court are of opinion that when the payment for the period from the beginning of the services up to and including April 30, was made in full, the contract of employment became one by the calendar month. It was like a tenancy by the month beginning on the twentieth day of the month, where the landlord and tenant settle the rent on the last day of the month up to and including that day. Thereafter the landlord could not sue the tenant for rent until after the last day of the following month.

It follows that the plaintiff, having failed to perform his contract to work for the month of May, cannot recover anything for his partial performance of that contract. Judgment must be entered for the defendant. St. 1913, c. 716. *Loanes* v. *Gast*, 216 Mass. 197.

*So ordered.*