DOMENICA D'OLIMPIO *vs.* HARDWICK JANCATERINO.

Norfolk. November 17, 1938. — October 26, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Tax*, Sale of land of insufficient value. *Land Court*, Jurisdiction.

Action of the commissioner of corporations and taxation in making an affidavit under G. L. (Ter. Ed.) c. 60, § 79, as amended by St. 1933, c. 325, § 14, that he found that the value of certain land was insufficient to meet the taxes, interest and charges thereon, was not reviewable in proceedings in the Land Court for registration of the title to land after its sale to the respondent under the statute, the commissioner not being a party to the proceedings.

PETITION, filed in the Land Court on August 31, 1937.

The case was heard by *Smith*, J.

*D. Scott*, for the respondent.

*A. I. Burgess*, for the petitioner.

DOLAN, J. This is a petition for the registration and confirmation of title to land, brought under the provisions of G. L. (Ter. Ed.) c. 185. Title to the land was also claimed by the respondent, Jancaterino, a minor, through a next friend. The case was heard upon an "agreed statement of facts" and now comes before us on the appeal of the respondent from the decision of the judge that "the petitioner has title proper for registration subject to the tax sale . . . [to the city of Quincy] for nonpayment of the taxes of 1929" now lawfully held by the respondent as an ordinary unforeclosed tax lien.

Material facts are these: The premises in question are located in Quincy, and taxes for the year 1929 were assessed

to three persons, who were trustees of the Bigelow Park Real
Estate Trust, as owners or occupants of the land.  The land
consisted of lots numbered 56 to 60.  The taxes for lots 59
and 60 were paid.  Lots 56 to 58 were sold for nonpayment
of taxes on September 2, 1931, and "struck off" to one Ida
M. Hodsdon.  She failed to pay the sum offered by her, and
the city collector, on September 25, 1931, deeded the prem-
ises to the city of Quincy.  The deed was duly recorded.
Under date of January 5, 1935, the commissioner of corpora-
tions and taxation made affidavit under the provisions of
G. L. (Ter. Ed.) c. 60, § 79, as amended by St. 1933, c. 325,
§ 14 (see now St. 1935, c. 173, § 1), that, in his opinion, the
values of certain parcels of land therein listed held by the
city of Quincy "under tax title deeds as hereinafter listed
are insufficient to meet the taxes, interest and charges, and
all subsequent taxes and assessments thereon, together with
the expenses of a foreclosure of the rights of redemption.
Upon the recording of this affidavit, you are authorized by
the provisions of General Laws (Ter. Ed.) Chapter 60 Sec-
tion 79, to sell all the parcels herein included, severally or
together, at public auction to the highest bidder first giving
notice as required by said section."  Included in the list
were the parcels in question.  The names of the persons upon
whom demand was recited to have been made are given as
"Thomas Swithin *et al.*," and the estimated present value
of the premises as $1,000.  In accordance with the authority
thus conferred the city treasurer sold the premises at public
auction on December 21, 1935, to the respondent, who was
the highest bidder, for $150, and on the twenty-eighth day
of December, 1935, deeded the premises to him.  The deed
was recorded in the proper registry of deeds on October 7,
1937, which was subsequent to the filing of the petition
before us.  One of the trustees of the Bigelow Park Real
Estate Trust died on February 20, 1930, another on August
8, 1935, and the remaining trustee on January 20, 1937.  On
June 1, 1937, all of the trustees having deceased, the Pro-
bate Court for the county of Norfolk, on the petition of
Domenico, the husband of the petitioner, appointed him
and two other individuals trustees to fill the vacancies.  On

June 9, 1937, the trustees executed a quitclaim deed of the premises to the petitioner, which was recorded on June 16, 1937. The petition before us was filed on August 31, 1937.

At the date of the commissioner's affidavit there were due the city of Quincy taxes assessed on the premises for the years 1929 to 1934, inclusive, amounting to $199.83 plus interest and expenses and costs. The petitioner has been for a number of years an "abutter to the premises and the land of . . . Annie Jancoterino [*sic*], the mother of the respondent." She knew in the spring of 1936, through an inquiry made to the city treasurer, that the premises had been sold to the respondent, and had seen him or his agents making improvements by "building a garage, water well, etc." The respondent paid the taxes on the property for the years 1935, 1936 and 1937. The petitioner at no time offered to redeem the premises from the respondent.

The petitioner and the respondent filed numerous requests for rulings which the judge dealt with in his decision, denying some and granting others. He ruled that it could not be said that a piece of land "assessed for about $1,100" falls within the low value class of property which the legislative department had in mind when drafting and enacting the statute in question; and that "the commissioner, on the facts disclosed, had no jurisdiction to treat locus parcel as falling within the 'low value' feature of the statute in question." He further ruled "against the respondent's claim of absolute ownership on the single ground of lack of jurisdiction aforesaid."

Since the case was heard upon an agreed statement of facts, which constituted a case stated, there was no need of requests for rulings. It was the duty of the judge to order the correct result upon the agreed facts. Any error on his part could be corrected not only by exceptions, but also, as in the present case, by appeal. G. L. (Ter. Ed.) c. 185, § 15. In a case such as the present, requests for rulings amount only to argument upon the agreed facts. *Howland* v. *Stowe*, 290 Mass. 142, 146, and cases cited. *Antoun* v. *Commonwealth*, 303 Mass. 80.

The only issue argued before us is whether the trial court

in this proceeding had power to review the action of the commissioner in certifying that the premises involved are of insufficient value to pay the taxes and expenses referred to in G. L. (Ter. Ed.) c. 60, § 79. No question of the constitutionality of the provisions of § 79 is raised. Its constitutionality, however, has been sustained in the case of *Napier v. Springfield, ante,* 174.

In the consideration of whether in the present proceeding the commissioner's action that is complained of is the subject of review, we are of opinion that no question of the jurisdiction of the commissioner to act under the provisions of § 79, as amended in 1933, is involved. The provisions of that section will be found in a footnote.* There is nothing in the statute that is made to turn upon the actual value of a particular parcel of land. "Any lands" taken or purchased by a municipality for nonpayment of taxes fall within its scope. Under its provisions the commissioner is not limited in the exercise of his investigating powers to land of any particular value, but may investigate any lands held as aforesaid by a municipality in determining whether to act under the statute. If, upon investigation, the com-

---

* "Section 79. After two years from the taking or purchase by a town of any lands for non-payment of taxes, the commissioner may, and on written application of its treasurer shall, inquire into the value of such lands. If the commissioner is of opinion that such lands are of insufficient value to meet the taxes, interest and charges, and all subsequent taxes and assessments thereon, together with the expenses of a foreclosure under section sixty-nine, he shall make affidavit of such finding, which shall be recorded in the registry of deeds for the district where the town is situated.

Upon the recording thereof the treasurer may sell all the parcels included therein, severally or together, at public auction to the highest bidder, first giving notice of the time and place of sale by posting a notice of the sale in some convenient and public place in the town fourteen days at least before the sale. If the sale under this section shall not be made within four years from said taking or purchase, it shall be made by the treasurer for the time being when he deems best, or at once upon service on him of a written demand by any person interested therein. The treasurer shall execute and deliver to the highest bidder a deed, without covenant except that the sale has in all particulars been conducted according to law. Title taken pursuant to a sale under this section shall be absolute upon the recording of the deed of the treasurer in the proper registry of deeds within sixty days of its date.

If the amount received from the sale is more than the taxes, interest and charges, and subsequent taxes and assessments, on all lands included in the sale, together with the expenses thereof, the balance shall be deposited with the town treasurer to be paid to the person entitled thereto, if demanded within five years, otherwise it shall enure to the town. If such surplus results from the sale of several parcels for a lump sum, it shall be held as aforesaid for the several owners in proportion to the prices at which the several parcels were originally taken or purchased by the town."

missioner is of opinion that certain land or lands are insufficient in value within the meaning of § 79, he has jurisdiction to make affidavit to that effect, under which the municipality may foreclose the right to redeem by sale in the manner provided by the statutes complained of. The objection that the land is in fact of sufficient value to meet the charges referred to in § 79 goes, not to the jurisdiction of the commissioner to act thereunder, but only to the correctness of his decision.

The question remains whether the action of the commissioner under § 79 is subject to review in this proceeding to which he is not a party. In a case decided under a somewhat similar statute, whereby assessors were authorized to abate a poll tax if, in their judgment, the person to whom the tax was assessed was unable to pay, it was held that mandamus would not lie to compel the collector to receive payment of the tax after it had been abated, since the abatement was within the power of the assessors, and the regularity of their action or the sufficiency of their record could not be tried in the action against the collector; and that it was not for him to inquire into the same. *Gordon* v. *Sanderson,* 165 Mass. 375, 376. In the present case it was not for the city treasurer to question the decision of the commissioner in a matter solely within the jurisdiction of the latter to decide; and, having received the authority contained in the certificate of the commissioner, the city treasurer could and did properly sell the land in question. The correctness of the commissioner's decision cannot be reviewed in the present proceeding to which he is not a party.

The order of the judge that the title claimed by the petitioner be registered as hereinbefore set forth is reversed, and instead an order is to be entered dismissing the petition.

*So ordered.*