Tomasello, J.
In an action of contract to recover for electric service supplied at divers addresses, the defendants are described as doing business under the name and style of various realty trusts, to wit: Lothian Realty Trust, St. Mary’s Realty Trust, Stratton Realty Trust and the Gibbs Realty Trust.
*470 The matter in issue was presented to the trial judge upon a Case Stated, in which it was agreed:
“(1) That electric service was supplied at each address shown in the plaintiff’s declaration during the dates therein set forth, and that the amounts of each item in the plaintiff’s declaration are correct.
“ (2) That the defendants and each of them, during the dates set forth in the plaintiff’s declaration, were trustees respectively of Stratton Realty Trust, Gibbs Realty Trust, Lothian Realty Trust and St. Mary’s Realty Trust, each trust being duly established by a Declaration of Trust recorded in the respective Registries of Deeds prior to the time the plaintiff supplied the service declared on.
“(3) That in each of said trusts the cestui que trust were persons other than the defendants; that each of the said Declarations of Trust provided as follows: ‘No person dealing with the trustees or the beneficiaries hereunder shall hold the trustees or beneficiaries personally liable, but shall have recourse only to the assets of the trust.’
‘ ‘ (4) That with respect to Count 1, the defendants operated the properties therein described as trustees and that the service was supplied, charged and billed to them as trustees.
“(5) That with respect to Counts 2, 3, 4 and 5 of the plaintiff’s declaration the service was supplied, charged and billed to the respective trusts. ’ ’
There was no agreement of the parties that “no inferences should be drawn” as to these facts, leaving the question for the court to determine whether the plaintiff can recover on the facts and the inferences therefrom, the pleadings and requests for rulings being of no importance. West Roxbury v. Minot, 114 Mass. 546. Ward v. Great Atlantic & Pacific Tea Co., 231 Mass. 90, 92. Frati v. Jannini, 226 Mass. 430. D’Olimpio v. Jancaterino, 304 Mass. 200, 202.
*471 Under Massachusetts Gen. Laws, chap. 231, sec. 126, a general finding made by a trial judge upon an agreed statement of facts will not ordinarily be disturbed unless it is unwarranted by all the evidence, including both the facts stated and the reasonable inferences that may be drawn from them. Boston Lodge v. Boston, 217 Mass. 176.
It is impracticable to render an opinion upon a statement of facts which present merely a speculative question; Capen v. Washington Insurance Co., 66 Mass. (12 Cush) 517; or which is imperfect for failure to state a vital fact, the proof of which is manifestly within the reach of the parties. Old Colony R. R. Co. v. Wilder, 137 Mass. 536.
The “Case Stated” was imperfect in that the facts failed either specifically to state or to warrant any inference to be drawn therefrom that the defendants had ordered the electric service or had knowledge that it was being supplied to the various premises. The service could well have been ordered" by a tenant or some other person without authority, and knowledge could not have been inferred as contended by plaintiff counsel from the fact that the plaintiff claimed a monopoly on the furnishing of the service in the area in question, since no such monopoly is shown to exist by law, and the defendants might well have supplied their own electric current by motors installed by them in the premises.
We see no reason for disturbing the decision of the trial judge under these conjectural facts. Report dismissed.