Zottoli, J.
This is an action of contract in which the plaintiff seeks to recover damages for services rendered, to the defendants as receivers of the Ferrick Combining ¡Company. The report states that “during the trial” it was agreed by all parties that the following represented the undisputed facts upon which the court might make its decision: “Both co-receivers’ authorized the appointment of Ferrick without designating any time limit. On or about the fifth week one receiver refused to sign the pay check and notified Ferrick that his services were no longer desired and no further pay would be given him. Co-receiver Johnston declined to agree to his discharge and authorized him to continue. Ferrick continued to perform services of *100 value to the receivers with knowledge of Burke, receiver, and with knowledge of his objection.”
It appears from the report that at the close of the trial the defendants duly filed a number of requests for rulings. In treating these requests the court denied the defendants ’ first and seventh requests, and found generally for the plaintiff. It further appears from the report that the defendants claim “to be aggrieved by the denial of requests numbered 1 and 7”, and that the court reports “the same to the Appellate Division for determination” The plaintiff contends that the court for technical reasons- based on practice and court rule 'did not err in its denial of these requests. We think it is clear from the matter reported that the parties by their agreed statement of facts intended to present the single question of law whether an employee of joint receivers may be discharged by one of them alone -so as to bar recovery for services thereafter rendered as per the terms of the original employment by the co-receivers. Where, as here, a case is submitted on an agreed statement of facts, there is no need of extended requests for rulings. In such a case it has been held that the requests for rulings amount to -only an argument upon the agreed facts. Such an agreement in effect amounts to a case -stated. D’Olimpio v. Jancaterino, 304 Mass. 200, 202. McNulty v. Boston, 304 Mass. 305, 307.
We do not believe- that the defendants’ position on the issue -above stated is tenable. It is well settled that receivers are- “arms of the court”. A receiver is- an agent of the court in respect to the business affairs of the receivership and the property covered by it. In his relation to employees the- -receiver should take the same position which the court is presumed to take. “It is the duty of the court” and, we may add, “of its arms” to do justice to every employee connected with the receivership, and *101 prevent, by its, or their orders, oppression, injustice, or wrongs toward any of their employees. Farmers’ Loan & Trust Co. v. Central R. & Banking Co., 166 Fed. 333. 1 Jardy’s Smith on Receivers, 2nd Ed, sec. 364.
It has been said that “the frailties of human nature sometimes make it desirable and expedient to have two receivers, one, as it were, looking out for the interests of one set of creditors, and another, as it were, looking out for the interests of another set of creditors.” Union Savings Bank & Tr. Co. v. Pike Bldg. Co. et al., 1 Ohio N. P. 454, 457.
It has also been held that “when two receivers, are appointed, all decisions which commit the estate to any obligation must have the concurrence of both to be valid; if not in each several case, at least by agreement covering matters of general 'kind.” 1 Clark on Receivers, 2nd Ed. Sec. 30. Samuels v. E. T. Drew & Co., Inc., 7 Fed. 2nd 764, 765.
When, as here, an employee has been hired by mutual consent of two joint receivers, we feel it is the intent of the parties, fortified by a long standing practice', that if a co-receiver is of the opinion an employee should be discharged for any reason not concurred in by his co-receiver, resort should be had to the court for instruction and action. This, a co-receiver is free to do at any time, within reason. His failure to do so, in the absence of fraud, should not bar recovery for services rendered under the terms of his hiring. Béport dismissed.