*Northern District*
No. 5902
**VERONICA V. NOON, EXECUTRIX**
v.
**LEONARD F. BEFORD, ADM.**
Filed August 28, 1964

*Present*: Connolly, J. (Presiding), Parker & Moore, JJ.

Case tried to *Whitney, J.* in the District Court of Central Middlesex. No. 19407.

*Parker, J.* This is an action brought by the executrix of one Leo J. Noon against the administrator of Elder J. Beford. The plaintiff's testator was the guest of the defendant's intestate, riding in an automobile owned and operated by the defendant's intestate. The accident occurred 15 *May* 1959 and is the same accident as is involved in the case of *Novick, Admx. v. Beford,* Appellate Division, Northern District ‡5901. The plaintiff's testator and the defendant's intestate were both killed in the accident.

The defendant's answer is a general denial, contributory negligence and statute of limitations. The case was submitted on an "Agreed Statement of Facts." The opening paragraph of this agreement states that the statement "is submitted as evidence herein, and constitutes a statement of all the evidence from which the court is to determine the facts forming the basis for its decision".

From these "Agreed Statement of Facts" it appears that the defendant was duly appointed administrator of the estate of Elder J. Beford and his bond approved 18 *April* 1961. The plaintiff was appointed executrix of the estate of Leo J. Noon, 16 *February* 1960, and her bond approved 11 *April* 1960.

The date of the writ in this action is 6 *November* 1961 and service in hand was made on the defendant 10 *November* 1961.

The court found that the defendant's intestate was negligent. The court ruled that the damages in the case depended upon the culpability of the defendant's intestate and assessed damages in the amount of $8,000.00.

The defendant filed 20 requests for rulings.

The defendant claims to be aggrieved:

(A) by the court's denial of his requests numbered 1, 2, 10, 11, 12, 15, 17, 18 and 20,

(B) by the refusal of the court to grant his requests numbered 8, 13, 13(a) and 14, and

(C) by the court's finding with respect to liability and damages.

These requests, with the court's action thereon, are as follows:

1. As a matter of law the plaintiff has failed to comply with the pertinent statutes of limitations regulating the time within which this action must be brought.

2. The evidence does not warrant a finding of negligence on the part of the defendant's decedent.

10. On all the evidence, the plaintiff cannot recover.

11. As a matter of law the instant cause of action is not an action for death, the payment of the judgment in which is required to be secured by Chapter 90 of the Massachusetts General Laws.

12. The provisions of Chapter 260, Section 10, of the Massachusetts General Laws, do not apply in this case.

15. As a matter of law the evidence does not warrant a finding other than that the cause of the alleged accident is speculative and conjectural.

17. As a matter of law the evidence is speculative and conjectural with reference to the degree of culpability upon which damages in this action could be based.

18. The defendant's decedent breached no legal duty owed by him to plaintiff's testator.

20. The evidence does not warrant a finding for the plaintiff.

The court denied all these requests.

The defendant's request #8 was a follows:

8. The evidence does not warrant a finding of compliance on the part of the plaintiff with the provisions of Chapter 229, Section 2 of the Massachusetts General Laws respecting the time within which this action must be commenced.

The court's action on this request was:

"8. *I rule that the plaintiff's action was commenced seasonably.*"

The defendant's requests #13 and #14 were as follows:

13. The burden of proof is on the plaintiff to show that the instant action was commenced within one year from date of the death.

14. As a matter of law the evidence does not warrant a finding other than that the instant

action was not commenced within one year from the date of death.

The court's action on these requests was as follows:

"I rule that the action was commenced within two years after the giving of the bond."

The defendant's request ♯13(a) was as follows:

13(a). Even if the provisions of Chapter 260, Section 10 of the Massachusetts General Laws were applicable, the plaintiff has failed to comply with them.

The report does not state what the action of the court was on this request, other than to say that the defendant claims to be aggrieved by the refusal of the court to grant this request. Since the record does not disclose what the action of the court was thereon, we are unable to pass upon its action on this request.

 This case is not a "case stated". It is not an agreement upon all the material ultimate facts on which the rights of the parties are to be determined by law. It is a case tried on an agreement as to evidence. *Duff v. Southbridge,* 325 Mass. 224; *King Features Syndicate, Inc. v. Cape Cod Broadcasting Co., Inc.,* 317 Mass. 652, 653; *Pequod Realty Corp. v. Jeffries,* 314 Mass. 713, 715; *Fratti v. Jannini,* 226 Mass. 430 (Leading case. Rugg, C. J.).

The issues raised by the defendant, the appellant, are three:

1. Was the plaintiff's action barred by

applicable statutes of limitations?

2. Was the evidence sufficient to warrant a finding of negligence on the part of the defendant?

3. Were the damages awarded by the court based on speculation and conjecture?

The defendant's requests ##1, 10, 11, 12, 20, 8, 13 and 14 raise the first issue. His requests ##2, 10, 15, 18 and 20 raise the second issue, while request #17 raises the third issue.

 *The First Issue:*

G. L. c. 260, §1-20 deals with the Limitation of Personal Actions in general; §4 deals with

"actions of tort . . . . . for death the payment of judgments in which *is required to be secured by* Chapter ninety . . . . .",

and required as of 15 *May* 1959 that such actions

"shall be commenced only within one year next after the cause of action accrues".

It is agreed by the parties that the plaintiff's testator was a guest occupant in the motor vehicle owned and operated by the defendant's intestate. The action accrued on 15 *May* 1959. *Bartlett v. Hall,* 288 Mass. 532; *McLearn v. Hill,* 276 Mass. 519, 522.

G. L. c. 90, §34A under the definition of "Motor Vehicle liability policy" expressly exempts from the provisions of a motor vehicle liability policy required under the compulsory Motor Vehicle Liability Insurance law, "a guest occupant of such motor

vehicle". Accordingly, the plaintiff's intestate is not covered by the provisions of G. L. c. 260, §4.

The plaintiff's action is covered by the provisions of G. L. c. 229, §2 as it existed 15 *May* 1959, the date of the accident, which provided that:

> "A person who (1) by his negligence causes the death of another person in the exercise of due care . . . . . shall be liable in damages in a sum of not less than two thousand dollars nor more than twenty thousand dollars, to be assessed with reference to the degree of culpability . . . . . An action to recover damages under this section *shall be commenced within one year* from the date of death or within such time thereafter as is provided by sections four, four B, nine *or* ten of Chapter two hundred and sixty."

The provisions of G. L. c. 229, §2 is disjunctive for it uses the word "or" instead of the word "and" as the conjunctive. The word "or" is used to set up alternatives. *Central Tr. Co. v. Howard,* 275 Mass. 153, 158; *Gaynor's Case,* 217 Mass. 86, 89; *C. v. Keenan,* 139 Mass. 193, 194.

G. L. c. 229, §2 describes various periods of time within which an action may be brought under the section. Those times are (1) within one year from the date of death; or (2) within a period of time provided by §4 of G. L. c. 240; or (3) within a period of time provided by §4B of G. L. c. 240; or (4) within a period of time provided by

§9 of G. L. c. 240; or (5) within a period of time provided by §10 of G. L. c. 240.

The first time limit, (1) supra, has expired and action would be barred thereunder. The time limit described in §4 of G. L. c. 240 does not apply to this case, since it is applicable only to those cases which require insurance under G. L. c. 90. §4B of G. L. c. 240, describes the time in which an action is to be brought in actions arising out of Motor Vehicle *"Hit and Run Accidents"*, and is not applicable. §9 of G. L. c. 240 describe the time in which an action is to be brought in case of a *"non-resident defendant"* and is not applicable. §10 of G. L. c. 240 deals with the *extension of time* for bringing a suit in the case of a person entitled to bring or liable to any action before mentioned in §1 through §9 of G. L. c. 240.

The controlling section on the question of the limitation of the action is G. L. c. 260, §10.

This section opens with the words

"If a person entitled to bring or liable to any action before mentioned dies before the expiration of the time hereinbefore limited, or within thirty days after the expiration of said time, and the cause of action by law survives, the action may be commenced by the executor or administrator at any time within the period within which the deceased might have brought the action or within two years after his giving bond . . . . . and against the executor or administrator or in accordance with the limitations provided by chapter one

hundred and ninety-seven, relative to the limitations of actions against the executor or administrator by creditors of the deceased."

The plaintiff's testator was a person entitled to bring this action. The plaintiff derives his right to bring this action by virtue of G. L. c. 229, §2, providing,

"Damages under this section shall be recovered in an action of tort by the executor or administrator of the deceased".

Is this an action "before mentioned" in G. L. c. 260, §10? The only provisions which might so apply are §2A. §2A of G. L. c. 260 reads as follows:

"Except as otherwise provided actions of tort . . . . . shall be commenced only within two years next after the action accrues".

This action by the administrator is an action of tort since G. L. c. 229, §2 says so. It is otherwise provided as to the time in which it shall be commenced, for, by the terms of G. L. c. 229, §2, it shall be brought within one year from the date of the death or within such time thereafter as provided by G. L. c. 260, §10, that section being the only applicable section of G. L. c. 260. Since by §2A of G. L. c. 260, mentioned before §10, an action of tort may be commenced within two years next after *the action accrues, the plaintiff's testator* could have brought it inside of two years. The plaintiff's testator died within this period and by G. L. c. 229, §2, the right of action survives, the action may be brought by the plaintiff's testator within a period of two years

and thirty days of his testator's death. The plaintiff's -testator died 15 *May* 1959, the writ was served in hand on the defendant 10 *November* 1961, which is more than two years and thirty days from the expiration of the time in which the plaintiff's testator might have brought action. However, G. L. c. 229, §2 by reference to G. L. c. 260, §10 provides an alternative by stating that the action may be brought within two years of the deceased person's executor giving bond. The plaintiff in this case gave his bond (it was approved by the court) 11 April 1960. Thus he had two years from that date to bring his action which would be 11 April 1962, and service was made in hand on 10 November 1961, which is within the two year period. The next question whether such action has been brought as provided in G. L. c. 260, §10 against the executor or administrator "has been brought in accordance with the limitations provided by chapter one hundred and ninety-seven relative to the limitation of actions against the executor or administrator by creditors of the deceased"? The limitation relative to this case is provided in §9 of G. L. c. 197 which reads as follows:

" . . . . . an executor or administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond . . . . . "

The defendant in this case gave his bond 18 April 1961, (the date it was approved). The suit was commenced by service

in hand as required by G. L. c. 197, §9 on 10 November 1961 which was within the period of one year of his giving bond and which was also more than six months after giving his bond, the period in which he may not be sued under G. L. c. 197, §1.

Accordingly, this action is not barred by any statute of limitation and that there was no error in the court's denial of the defendant's requests ##1, 10, 11, 12, 20 and its ruling on defendant's requests ##8, 13 and 14.

■ *The Second Issue:*

The defendant's second issue is whether the evidence was sufficient to warrant a finding of negligence on the part of the defendant.

From the evidence reported, it could be found that the accident happened at about 4:20 p.m. on Route 27, Maynard on 15 *May* 1959. The defendant's intestate and the plaintiff's testator both died as a result of the accident. The defendant's intestate was driving the car. There were no erratic movements nor operation of the car for a distance of two miles up to the point of the accident. The speed of the car was between 35 to 40 miles an hour, a reasonable speed. The car did not veer sharply prior to the accident and no cars were coming in opposite direction to the car at the time. There was no slow down by the car due to breaking, nor was there any evidence of a blowout or that the operator had applied brakes before striking a tree which was to his right 9′ 6″ from the edge of the road. There was a tire mark

72 feet long on the shoulder of the road before the car struck the tree. The view was not obscured, but there was a sharp curve upgrade. The road was black top, dry and had no defects. The accident occurred in a residential area. It was daylight on a clear day. The road was twenty-four feet wide with two feet additional shoulder. The car was a 1956 Buick Sedan. After contact with the tree, smoke came from the car and a witness pulled the defendant's intestate from behind the driver's seat and he heard the plaintiff's testator groaning.

On this evidence, we do not feel that the finding of the court was an abuse of its discretion in determining facts and drawing proper inferences. It could be found the car went for 72 feet along the shoulder of the road as shown by the tire mark and hit a tree 9' 6" from the side of the road without any breaking or swerving. It was a clear day and the view was unobscured. There was no evidence that the driver did anything to avoid hitting a tree in view and 9' 6" off the road. We cannot say that a finding of negligence was not warranted. There was no error in the denial of the defendant's requests ##2, 10, 15, 18 and 20.

■ *The Third Issue*:

The third issue raised by the defendant is that the damages awarded by the court were based on speculation and conjecture.

This action brought under G. L. c. 229, §2 which provided at that time, that a person,

which may be the estate of a deceased person, shall be liable in damages in the sum of not less than $2,000.00 nor more than $20,000.00 "to be assessed with reference to the degree of his culpability".

The evidence as to the culpability of the defendant's intestate is stated in the discussion of the defendant's second issue *supra*. We cannot say that it was based on speculation and conjecture. There was evidence that the defendant's intestate driving the car went for 72 feet along the right shoulder of the road without applying his brakes or slowing down and hit a tree 9' 6" to the right of the road in the direction he was travelling. The day was clear and the view unobstructed. There was no evidence that he did anything to avoid it.

This is evidence of culpability, not speculation and conjecture and that there is no abuse of discretion by the court in finding the damages in the amount as it did.

There was no error in the court's refusal to grant the defendant's request #17.

*The report is to be dismissed.*