Forte, J.
This is an action by Ledgemere Country Condominium Association, Inc. (“the Association”) to recover a monetary fine it assessed against one of its unit owners, defendant Steckloff, for his alleged violation of an Association By-Law. The matter was submitted to the trial judge on a statement of agreed facts, the defendant’s affidavit, a document entitled “Disputed Facts,” and the Association’s Requests for Findings on Disputed Facts. The judge made extensive findings of fact and an ultimate finding for the defendant, upon which judgment was entered.
The Association timely filed a draft report claiming to be aggrieved by the court’s finding for the defendant and by its denial of two of the Association’s requests for findings on disputed facts.
It is uncontroverted that the parties’ dispute arose from the defendant’s rental of his condominium unit without the prior approval or consent of the Association’s Board of Governors. The dispositive issue is whether such rental violated Article V, Section 11 (e) of the By-Laws, which states;
No portion of a Unit (other than an entire Unit in Phase 6 or a Unit owned by the Developer or its associates) may be rented, and no transient may be accomodated [sic] therein, without the consent of the Board of Governors which consent will be given only in circumstances outside the control of the Unit Owner.
The Association contends that the by-law bars the renting of an entire condominium unit as done by the defendant Conversely, the defendant claims that the by-law prohibits only the renting of space within a unit and does not proscribe renting *26 an entire unit.
1. Contrary to the Association’s initial assertion, this was not a case stated because all facts upon which judgment was to be made were not agreed to by the parties and so submitted to the judge. Frati v. Jannini, 226 Mass. 430 (1917); Noon v. Bedford, 29 Mass. App. Dec. 98 (1964). Given the absence ofa case stated, the Association would ordinarily have been required to file Dist/Mun. Cts. R. Civ. P., Rule 64(b) requests for rulings of law to separate law from fact-and thereby preserve issues of law for appellate review. See, e.g., Graustein v. Dolan, 282 Mass. 579 (1933). However, the Association’s failure to file requests for rulings was not fatal to its efforts to'obtain appellate review herein. An exception to the Rule 64(b) requirement may be found where, as in the instant case, a trial judge files express findings of fact and conclusions of law which are sufficiently comprehensive to constitute a full articulation of that thought process which lead to his or her ultimate decision. In such a case, requests for rulings of law and rulings thereon are superfluous. Lynn v. Nashawaty, 12 Mass. App. Ct. 310, 315 (1981).
2. The interpretation ofawritten instrument is a question of law. Robert Indus. Inc. v. Spence, 362 Mass. 751, 755 (1973). The trial judge ruled herein:
it is clear that the relevant condominium documents distinguish between provisions that apply to portions of units and those which apply to entire units. The section... at issue... is applicable to a portion of a unit.
In .reaching this construction of By-Law Article V, Section 11 (e), the court reasoned:
Reference to the remaining by-laws, as well as the master deed pertaining to this property, lends support tó this conclusion. Immediately after Section 11 (e), Section 11 (f) addresses the issue of leasing by stating: “No unit may be leased....” Schedule A to the by-laws, paragraph 1, provides “No portion or all of any unit may beusedasa professional office..Similarly, the master deed, paragraph 6, states “No unit or any portion thereof may be used as a professional suite....”
Given the distinctions made elsewhere in the by-laws and the master deed, it is reasonable to conclude that the prohibition contained in Section 11 (e) was intended to refer specifically and exclusively to a portion of a unit, rather than the entire unit
We concur with the trial court’s construction of the by-law at issue.
The Association’s contraiy arguments merely suggest that an ambiguity was created in Section 11(e) by the language “no portion of a unit” and the juxtaposition of the parenthetical reference to “an entire unit.” Such ambiguity, if any, would be properly construed against the author, Wright v. Commonwealth, 351 Mass. 666, 673 (1967), which, in this case, was the Association.
3. The Association also challenges the trial court’s denial of its requests for findings on disputed facts concerning the significance of correspondence between the parties. The findings entered by the court relative to the issues raised by request 2, para. 2 are entitled to deference unless clearly erroneous. Norton v. West, 8 Mass. App. Ct. 348, 350 (1979). “Afinding by a trial court will not be deemed clearly erroneous unless the reviewing court on the entire evidence is left with the firm conviction that a mistake has been committed.” Id. at 350. See also, New England Canteen Sen. Inc. v. Ashby, 374 Mass. 671, 675 (1977). We have examined all the documents presented to the trial judge and now hold that his findings are amply supported. Although the Association places emphasis on evidence from which contrary inferences could be drawn, the judge was obviously not bound to construe evidence and draw inferences as the Association desired. Label v. Nelson, 29 Mass. App. Ct. 300, 302 (1990).
Finally, assuming arguendo that error attended the court’s denial of the Associations request number 3 pertaining to the relevance of a proposed amendment to the by-laws, such error was harmless. The court expressly stated that such proposal merely lent further support to its construction of Section 11(e) which was properly *27 predicated both on the language of the by-law itself, and .other provisions of existing by-laws and the master deed.
4. There being no error, the report is dismissed.