COMMONWEALTH *vs.* CERTAIN GAMING IMPLEMENTS,
William P. Higgins, claimant.

Suffolk.    February 3. — 23, 1886.

A person, who appears in a municipal court as claimant of gaming implements
seized under a warrant issued upon a complaint for their unlawful keeping, is
not entitled, at the trial of the complaint in the Superior Court, on appeal, to
introduce evidence for the first time to show that the order of notice, issued on
the information filed after the return of the warrant, was not properly served.

At the trial of a complaint for the unlawful keeping in certain rooms of gaming
implements, evidence that the rooms were resorted to for unlawful gaming at
times previously to the day of the seizure of the implements under a warrant
issued upon the complaint, is competent.

COMPLAINT to the Municipal Court of the city of Boston, on
the Pub. Sts. *c.* 212, § 2, *cl.* 7, alleging belief that "gaming appa-
ratus and implements were used, kept, and provided to be used,
in unlawful gaming in certain rooms, resorted to for the purpose
of unlawful gaming, in a certain building situated and numbered
three in Bosworth Street, in said Boston, and within the judicial
district of said court, that is to say, in the rooms in the second,
third, and fourth stories of said building; and, also, that furni-
ture, fixtures, and personal property were contained therein,
and might be found therein, at a time when persons might there
be found playing at some unlawful game;" and praying for a
warrant to search for and to seize the gaming apparatus and
implements.

The warrant issued on this complaint was delivered to a
police officer, whose return stated that, on August 18, 1885, he
entered and searched the described premises, and then and there
found and seized certain gaming apparatus and implements, the
same being then and there kept and provided to be used therein
in unlawful gaming.

An information was thereupon filed in said Municipal Court,
by the officer serving the warrant, reciting the complaint and
warrant, and stating that, on said August 18, he entered the
rooms described as aforesaid, said rooms then being resorted to
for the purpose of unlawful gaming, and then and there found
and seized in said rooms certain described gaming apparatus and
implements then and there used, kept, and provided to be used

in unlawful gaming, and then being in the possession of persons whose names were unknown; that the warrant was duly returned into court with the doings of the informant indorsed thereon ; that it was not necessary that any of the gaming apparatus or implements should be longer kept for the purpose of being produced or used as evidence on any trial; that all of said gaming apparatus and implements had by law become forfeited ; and praying that the gaming apparatus and implements might be burned, or otherwise destroyed, under the direction of said court, as provided by law.

Upon this information, the court ordered that an order of notice issue, and that the same be served on the persons described therein, personally, if known, and by posting up of an attested copy of said information and order on the building therein named ; and such an order of notice thereupon issued.

On this order of notice, the officer made a return, stating that it had been complied with.

William P. Higgins appeared as claimant of the property seized. The Municipal Court adjudged the property claimed to be forfeited, and ordered its destruction ; and the claimant appealed to the Superior Court, where he filed the following claim :

" And now comes William P. Higgins and prays this honorable court that he may be admitted as a claimant. And he alleges that he is the owner of the property seized by virtue of the warrant in these proceedings, and was the owner at the time of said seizure ; and he avers that they were not implements used for gaming illegally, and prays that they may be returned to him, they not having been used for any illegal purpose ; and he denies all the allegations in the warrant and order of notice in said proceedings."

At the trial in that court, before *Blodgett*, J., the officer, whose duty it was to serve the order of notice, was shown a paper and asked if the signature was his. He answered, " Yes." He was then asked if he made any other paper which he would swear was a true and attested copy of the order of notice issued by the court. He answered that he made two copies only, which were alike, and that the one before him was one of them ; that he gave one to a colored man, and the other he posted on the

building; and that the paper shown him was not the paper he posted on the building. The claimant then offered the paper in evidence, for the purpose of showing that no true and attested copy of the order of notice issued by the court was ever posted on the building. The judge excluded the evidence.

The claimant objected to any evidence being offered to show that said rooms were resorted to for unlawful gaming at any time except on August 18, 1885; but the judge admitted testimony tending to show that said rooms were resorted to for unlawful gaming at other times previously to said August 18.

The judge submitted to the jury certain issues, which were answered in the affirmative; and, upon the facts found by the jury, and the proceedings had in the Municipal Court, ordered a decree of condemnation and forfeiture to be entered. The claimant alleged exceptions.

*D. F. Fitz*, for the claimant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

BY THE COURT. The evidence offered by the claimant, " for the purpose of showing that no true and attested copy of the order of notice issued by the court was ever posted on the building," was properly rejected. The claimant, having appeared and pleaded in the Municipal Court, could not for the first time in the Superior Court, upon appeal, object that the notice of the information was not properly served. *Commonwealth* v. *Gregory*, 7 Gray, 498. *Commonwealth* v. *Harvey*, 111 Mass. 420.

One of the issues was whether the apparatus and implements seized by the officer were used, or kept and provided to be used, in unlawful gaming, in any place resorted to for the purpose of unlawful gaming. Pub. Sts. *c.* 212, § 2, *cl.* 7. Evidence that the rooms in question were resorted to for unlawful gaming at times previously to August 18, 1885, the day of the seizure, tended to prove that on that day the implements were kept for use in unlawful gaming, and was competent.

*Exceptions overruled.*