## COMMONWEALTH *vs.* JOHN W. GORDON.

Suffolk.    March 13, 1893. — April 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Adulterated Milk — Statute — Inference of Fact by Jury.*

A complaint under Pub. Sts. c. 57, § 5, charging the defendant with having in his possession, with intent to sell, milk to which a foreign substance had been added, is sustained by proof of possession, with that intent, of cream to which boracic acid had been added.

A complaint under Pub. Sts. c. 57, § 5, charging the defendant with having in his possession, with intent to sell, milk to which a foreign substance had been added, was heard on an "agreed statement of facts," which was not a case stated in writing and filed, but an admission of facts from which the jury were at liberty to draw inferences. *Held*, that the jury might infer the offence charged from a sale by the defendant from his restaurant.

COMPLAINT, under Pub. Sts. c. 57, § 5, charging the defendant with having in his possession, with intent to sell the same, milk to which boracic acid had been added.

The case was submitted to the jury on an "agreed statement of facts," which admitted that the defendant sold a half-pint of adulterated cream. The defendant contended that the admitted sale was not evidence of possession with intent to sell, and that the complaint charging possession of milk was not sustained by proof of possession of cream. *Thompson*, J., instructed the jury that upon the agreed facts they would be warranted in finding the defendant guilty.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. G. Holcombe*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

HOLMES, J. The word "milk," in Pub. Sts. c. 57, "Of the inspection and sale of milk," is shown by § 7 to include milk from which no part of the cream has been removed, and we are of opinion that it is used as a general name and in a sense broad enough to include cream. The offence under § 5, of having in one's possession, with intent to sell, milk to which

a foreign substance has been added, is committed by having, with that intent, cream to which boracic acid has been added. This was the only point argued for the defence.

We understand that the so called agreed statement of facts was not a case stated in writing and filed, but simply an admission of facts from which the jury were at liberty to draw inferences without encountering *Old Colony Railroad* v. *Wilder*, 137 Mass. 536, 538. This being so, they might infer the offence charged from the sale by the defendant from his restaurant. *Commonwealth* v. *Tobias*, 141 Mass. 129, 135.

*Exceptions overruled.*