WILLIAM H. CUNNINGHAM, trustee, *vs.* CONNECTICUT FIRE INSURANCE COMPANY.

Essex. November 4, 1908. — January 4, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Practice, Civil,* Agreed statement of facts. *Insurance,* Fire, Parol contract for. *Contract,* What constitutes.

Where a case is tried upon an agreed statement of facts which contains no stipulation that the trial court may draw inferences of fact from the facts agreed upon, the plaintiff must fail unless among the facts contained in the agreed statement are included all the elements which the law requires to establish his claim.

An action of contract, to recover from a fire insurance company the amount of damage by fire to certain stock and fixtures alleged to have been insured by the defendant, was heard upon an agreed statement of facts which contained no stipulation that the trial court might draw inferences of fact from the facts agreed upon. The right of the plaintiff to maintain the action if any agreement for insurance was made by the defendant was not disputed. The agreed facts were that the ·owner of the stock and fixtures went on December 15 to one who was admitted to be an authorized agent of the defendant, but who also was agent

for several other insurance companies, and requested the issuance of policies of insurance upon certain identified property to the amount of $3,000, the policies to be in the Massachusetts standard form and to be delivered by the agent at a later date. Nothing was said as to the companies by which the policies were to be written, as to the amount of insurance to be assumed by each company, as to the premium to be paid, the term for which the policies were to run, or as to how the insurance was to be apportioned between the stock and fixtures. The agent wrote all the policies bearing date December 15 in four different companies, of which the defendant was one. Later, and before December 25, he decided that the companies which he represented should not assume the entire insurance and therefore got an agent for other companies to procure insurance for $2,000. No details of his acts were communicated to the owner, nor were the policies delivered to the owner before the fire, which occurred on December 25. *Held,* that the relations between the owner and the agent rested in negotiation and had not reached the finality of a contract.

CONTRACT. The declaration contained five counts, all of which sought recovery from the defendant as the insurer of certain stock and fixtures damaged by fire, the plaintiff being the trustee in bankruptcy of the alleged insured, Solomon Yaffee. The first count alleged that the defendant "made to" Yaffee a policy of insurance, the second and third alleged that the defendant agreed to insure and to deliver a policy, but neglected and refused to deliver the policy. The fourth count was upon an accounting together and the fifth for interest. Writ in the Lynn Police Court dated November 5, 1907.

On appeal to the Superior Court, the case was heard before *Fessenden,* J., upon an agreed statement of facts which contained no stipulation that the court might draw inferences of fact. The material facts are stated in the opinion. The presiding judge found for the defendant and the plaintiff appealed.

The case was submitted on briefs.

*F. V. McCarthy & R. F. Bergengren,* for the plaintiff.

*F. W. Brown & L. K. Foster,* for the defendant.

RUGG, J. This case comes before us upon appeal from a judgment in favor of the defendant entered upon agreed facts, with no stipulation that the trial or appellate court might draw inferences of fact. The issue thus presented is whether upon these facts the plaintiff, as matter of law, is entitled to judgment. Unless among the facts agreed are found all the elements which the law requires to establish his claim, the plaintiff must fail. *Old Colony Railroad* v. *Wilder,* 137 Mass. 536. *Mayhew* v. *Durfee,* 138 Mass. 584. *Collins* v. *Waltham,* 151

Mass. 196. *Schwarz* v. *Boston,* 151 Mass. 226. *Gallagher* v. *Hathaway Manuf. Co.* 169 Mass. 578. *Courtemanche* v. *Blackstone Valley Street Railway,* 170 Mass. 50. *Olds* v. *City Trust, Safe Deposit & Surety Co.* 185 Mass. 500. *Putnam* v. *Glidden,* 159 Mass. 47. *Jaquith* v. *Winnisimmet National Bank,* 182 Mass. 53. *Boston* v. *Brooks,* 187 Mass. 286. *Morse* v. *Fraternal Accident Association,* 190 Mass. 417. *Koppel* v. *Massachusetts Brick Co.* 192 Mass. 223. *Coffin* v. *Artesian Water Co.* 193 Mass. 274. The question presented is radically different from that which would arise upon a record where on facts stated the court is permitted to draw whatever inferences of fact seem reasonable. Then the inquiry is whether there is any evidence warranting the finding. Such a question is analogous to, if not like, that arising upon exceptions to a verdict of a jury or a finding of a court upon all the evidence. Then not only all the supporting facts but also all rational inferences from them may be invoked to support the conclusion reached by the trial tribunal. Such a decision would not be disturbed unless unwarranted by all the evidence, including both the specific facts and the deductions legitimately to be drawn from them. *Commonwealth* v. *Gordon,* 159 Mass. 8. *Davis* v. *Harrington,* 160 Mass. 278. *McKim* v. *Glover,* 161 Mass. 418. *Wright* v. *Lowell,* 166 Mass. 288. *Johnson* v. *Mutual Ins. Co.* 180 Mass. 407.

The only contention pressed by the plaintiff is that one Yaffee, of whose estate he is trustee in bankruptcy, made with the defendant, through its authorized agent, a binding parol contract of insurance. The authority of the agent is not in dispute; nor can it be argued that there may not be a valid contract of insurance resting only in parol. The only question is whether the agreed facts prove the making of such a contract. These facts are that on December 15, 1906, Yaffee applied to one Knight, who was agent for several other insurance companies besides the defendant, and requested the issuance to him of policies of insurance on certain identified property to the amount of $3,000. Nothing was said as to the companies by which the policies should be written, as to the amount to be assumed by each company, as to the premium, nor as to the term of the policies. The policies were to be in Massachusetts standard form, and were to be written by Knight, and Yaffee was to receive them at some

later date.   There was no further communication between Yaffee and any one representing the defendant, until after the property sought to be insured was injured by fire.*   Knight wrote policies all bearing date December 15, 1906, in four different companies, aggregating the sum total applied for, but dividing the risk upon the property to be insured between stock and furniture.   None of these policies were delivered to Yaffee, nor were their contents communicated to him.   Between the fifteenth and twenty-fifth days of December, Knight decided that he ought not to issue policies for the entire amount in companies which he represented, and he requested another insurance agent to issue policies to the amount of $2,000 on the property.   These policies, although written, were never delivered, and Yaffee knew nothing about them until after the fire.   These facts show that the relations between Yaffee and Knight rested in negotiation, and had not reached the finality of a contract.   Without a word of instruction, request or intimation from Yaffee, Knight determined the companies (subsequently changing them) in which the insurance should be placed, and the time for which the policies should run, and a division of the risk between stock and fixtures.   None of these essential elements of the contract of insurance were either fixed in advance or subsequently agreed to between the parties.   In any one of these respects Yaffee could have objected to the policies as drafted by Knight and could have declined to receive or pay for them.   If he had so decided, no liability would have attached to him, nor could he have been made responsible for the premium until he had agreed to these stipulations of the contracts.   The proposals, which Knight arranged upon these points, were not submitted to nor accepted by Yaffee until after the fire, when by its acts the defendant declined to go further with the insurance contracts.   There was no understanding expressed or fairly implied under these circumstances that the property of Yaffee should be immediately protected from the time of the interview.   The conversation is described in the facts as being an application for policies, indefinite in the important particulars heretofore enumerated, which Yaffee was to receive at a time in the future.   This indicates the early stage

---

* The fire occurred on December 25, 1906.

of discussion, and not a consummated or final agreement. Therefore the cases, of which *Sanford* v. *Orient Ins. Co.* 174 Mass. 416, is an example, are not applicable. There is here no binding slip, as in *Lipman* v. *Niagara Ins. Co.* 121 N. Y. 454, nor any course of dealing from which a mutuality of understanding can be implied, as in *Eames* v. *Home Ins. Co.* 94 U. S. 621, 629. *Baker* v. *Commercial Union Assurance Co.* 162 Mass. 358. The record is bare of any facts from which can be gathered a meeting of minds of Yaffee and Knight as to some of the essential elements of an oral contract of insurance. *Cleveland Oil Co.* v. *Norwich Ins. Co.* 34 Ore. 228.

Moreover, the facts are susceptible of the construction that the parties never intended any oral contract of insurance, and that they only contemplated a contract springing into existence upon the delivery of the policies and the payment of the premiums. In this aspect of the agreed facts, *Wainer* v. *Milford Ins. Co.* 153 Mass. 335, 339, and *Meyers* v. *Liverpool & London & Globe Ins. Co.* 121 Mass. 338, are decisive in favor of the defendant. It follows that the plaintiff has failed to sustain his case.

*Judgment for the defendant affirmed.*