FRANK VERA & another *vs.* MERCANTILE FIRE AND MARINE INSURANCE COMPANY.

FRANK VERA *vs.* MERRIMACK MUTUAL FIRE INSURANCE COMPANY.

FRANK VERA & another *vs.* MICHIGAN FIRE AND MARINE INSURANCE COMPANY.

Bristol.    October 27, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Insurance,* Fire: waiver of reference. *Waiver.*

The mere fact, that an insurance company after a loss by fire covered by a policy in the Massachusetts standard form issued by it, upon receiving a communication in writing from the insured stating that he was "ready to proceed under the provisions of the policy," did not submit to the insured any nominees from whom to select a referee to determine the amount of the loss, is not as matter of law a waiver by the insurance company of its right to insist on such a reference as a condition precedent to recovery on the policy.

DE COURCY, J. These cases were submitted to the Superior Court on an agreed statement of facts and are here on the report of the trial judge * for our determination.

The amount of the loss or damage by fire never has been agreed upon by the parties, nor determined by referees or otherwise, and neither party has submitted to the other any nominees from whom to select a referee. The agreed statement not only contains no stipulation that the trial or appellate court may draw legitimate inferences of fact, but expressly provides that "unless upon the foregoing facts the defendant must be held as matter of law to

---

* *Dubuque,* J.

have waived compliance on the part of the plaintiffs with the provisions contained in said policy, and contained in the statutes in such case made and provided relative to arbitration and award, and to have waived such arbitration and award, judgment shall be entered for the defendant." See *Cunningham* v. *Connecticut Fire Ins. Co.* 200 Mass. 333.

The policies were in the Massachusetts standard form prescribed by our statute. R. L. c. 118, § 60. In case of a failure of the parties to agree as to the amount of loss, it was to be determined by referees chosen in the manner provided; and by the terms of the policy "such reference unless waived by the parties shall be a condition precedent to any right of action in law or equity to recover for such loss."

Within the narrow compass of the agreed facts, on which the parties have submitted their rights, we find nothing to warrant a ruling that the defendants must be held as matter of law to have waived their rights to a reference. Indeed the only fact mentioned that could be presented to a jury on the issue of waiver is the failure of the defendants to nominate referees after the receipt by them of the written statements of loss rendered by the plaintiffs. Each of these writings concluded with the declaration that the assured were "ready to proceed under the provisions of the policy." We have before us no evidence of correspondence or of dealings between the parties by which to interpret what the plaintiffs meant, much less what the defendants reasonably should understand, by this indefinite statement; and the parties have precluded us from drawing inferences. A plausible construction of the words, considering the natural sequence of events under the terms of the policies, would be that the plaintiffs were ready to attempt to agree as to the amount of the loss. It does not purport to be a written request for the appointment of referees under the provisions for arbitration in the policy. Clearly we cannot say that the defendants necessarily knew from these words that the plaintiffs intended (if they did intend) to request the appointment of referees; much less must we infer from the failure of the defendants then to appoint referees that they intended to abandon their legal rights to an arbitration. It is only in case of the failure of the parties to agree as to the amount of the loss, and within ten days after a written request to appoint referees under the pro-

vision for arbitration in the policy, that the insurance company is required by the statute to name three men under such provision. R. L. c. 118, § 60. *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391, 397. *Union Institution for Savings* v. *Phœnix Ins. Co.* 196 Mass. 230. *Paris* v. *Hamburg-Bremen Fire Ins. Co.* 204 Mass. 90. *Atwood* v. *Caledonian American Ins. Co.* 206 Mass. 96.

This disposes of the single narrow question presented to us. Under the stipulations of the agreed facts and of the report, the entry must be in each case.

*Judgment for the defendant.*

*F. W. Brown & W. L. Came,* for the defendants, submitted a brief.

No argument or brief was presented for the plaintiffs.