ORIENT INSURANCE COMPANY *v.* NEW HAMPSHIRE FIRE INSURANCE CO. ET AL.

January Term, 1929.

Present:   WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed March 8, 1929.

*Chas. H. Darling* for the plaintiff.

*Gelsi Monti* and *Erwin M. Harvey* for the defendant, N. Pelaggi & Co., Inc.

*Deane C. Davis* and *Warren R. Austin* for the defendant, New Hampshire Fire Insurance Co.

MOULTON, J.  This is a proceeding in chancery and comes before us on appeal from a decree sustaining a demurrer to the bill of complaint.  The material allegations in the bill are as follows.  The plaintiff and the New Hampshire Fire Insurance Company are corporations authorized and empowered to write insurance risks in the State of Vermont, and were both represented by the firm of McAllister & Kent, of Barre, in Washington County.  N. Pelaggi & Co. is a corporation engaged in manufacturing and dealing in granite in Northfield in Washington County.  On July 14, 1926, a certain policy of insurance covering the property of Pelaggi & Company written by the Star Insurance Company, also represented by McAllister & Kent, expired by limitation, and that company declined to renew the insurance.  Thereupon McAllister and Kent issued a new policy, for the same amount, in the New Hampshire Fire Insurance Company, and delivered it to Pelaggi & Company;

but when the policy was reported to the New Hampshire Fire Insurance Company, that company notified McAllister & Kent that it did not desire to carry the risk, and the latter agents thereupon issued a policy in the Orient Insurance Company, for the same amount, not as additional insurance, but in substitution for the policy which the New Hampshire Fire Insurance Company wished to cancel. During the night of July 17, 1926, the property of Pelaggi & Company was destroyed by fire, and on the day after, McAllister & Kent delivered the policy in the Orient Company to Pelaggi & Company, and took from it some sort of receipt or agreement relating to the policy in the New Hampshire Company, which had been destroyed in the fire, and sent it to the last named company. The delivery of the policy after the fire was without the knowledge of the plaintiff, and the fact was concealed from it by McAllister & Kent.

Pelaggi & Company have commenced two suits at law, one against the New Hampshire Company, and the other against the plaintiff, upon the respective policies. In the former suit although there has been no appearance for the defendant, Pelaggi & Company have not asked for judgment by default, but in the latter, they have set the case for trial. In short, a conspiracy between the New Hampshire Company and Pelaggi & Company is alleged, its purpose being to force the plaintiff to pay the loss incurred.

The plaintiff alleges that its rights cannot be determined unless all three parties are before the court and the rights and liabilities of each are determined at the same time. The bill prays that the court of chancery may hear and determine all the issues, and the rights and liabilities of all parties; that the document received by McAllister & Kent from Pelaggi & Company, together with all correspondence between McAllister & Kent and the New Hampshire Company may be deposited with the clerk of court, and, finally, that the policy issued by McAllister & Kent in the plaintiff company, may be ordered to be surrendered for cancellation and cancelled.

The demurrers of both defendants are upon the same grounds: (1) That the bill does not state a case for such equitable relief as is sought; and, (2) that the plaintiff has a plain, complete, and adequate remedy at law.

It clearly appears, on the allegations of the bill of complaint, that the plaintiff has an adequate defense to the action

at law brought against it by Pelaggi & Company. The question is whether the policy written by the plaintiff was a valid and binding obligation on its part at the time of the fire. It is, as we have seen, specifically alleged, and the plaintiff reiterates in its brief, that the policy was written and intended to be in substitution of a policy in the New Hampshire Company, and not as an additional insurance upon the property. There was no delivery of the policy to Pelaggi & Company until after the fire.

The bill of complaint does not set forth such a situation as appeared in *Porter* v. *Mutual Life Ins. Co.,* 70 Vt. 504, 508, 41 Atl. 970, where the policy was in the hands of the insurance agents for unconditional delivery to the insured, and was so held to be the equivalent of an actual delivery. See, also, *Mutual Life Ins. Co. of Baltimore* v. *Otto,* 153 Md. 179, 138 Atl. 16, 18, 53 A. L. R. 487. Neither are other facts alleged which would obviate the necessity of an actual delivery. Indeed, it does not appear that Pelaggi & Company consented to, or had any knowledge of, the issuance of the policy, until after the fire.

In *Faunce* v. *State Mutual Life Assurance Co.,* 101 Mass. 279, an action was brought upon an insurance policy in which the plaintiff was named as beneficiary. It appeared that it was agreed between the plaintiff and defendant that the policy should issue not in addition to, but in substitution for, another policy which was to be surrendered. The earlier policy was not surrendered, but after the death of the insured was paid. It was held that this was a perfect defense to an action upon the second policy; that the plaintiff did not have a delivered instrument; and that the parties had not agreed that the written paper should become a contract except upon a condition which had not been performed.

In *Cunningham* v. *Conn. Fire Ins. Co.,* 200 Mass. 333, 86 N. E. 787, it appeared that the owner of certain property applied to one who was an authorized agent of several insurance companies, including the defendant for the issuance of policies of fire insurance upon certain identified property. The agent wrote policies in four different companies, but none of the policies were delivered to the insured nor were their contents communicated to him. Shortly after the issuance of the policies, the agent decided that he ought not to issue policies for the entire amount in companies which he represented, and he re-

quested another insurance agent to issue policies in substitution of a part of the insurance on the property. The latter policies were written, but were never delivered, and the insured knew nothing about them until after the property was destroyed by fire. It was held that none of the policies had become binding contracts.

In the instant case, as in each of the foregoing cases, there was, according to the allegations in the bill, no agreement, no delivered instrument, and consequently no binding contract with the plaintiff company, before the fire. And, as we have seen, nothing appears in the case to excuse an actual delivery to Pelaggi & Company. Since this is so, there exists an adequate defense to the action at law, and the court of chancery has no jurisdiction. *Jones* v. *Stearns,* 97 Vt. 37, 44, 122 Atl. 116, 31 A. L. R. 653.

We perceive no necessity for making the New Hampshire Insurance Company a party to the litigation between Pelaggi & Company and the plaintiff. The rights of the two insurance companies as to their respective policies are distinct and independent. The relation of principal and surety does not exist between them. If one pays the loss, it is not apparent on what theory it can call for contribution from the other. The alleged conspiracy between Pelaggi & Company and the New Hampshire Company appears from the bill of complaint to be nothing more than an unsuccessful attempt to substitute a policy in the plaintiff company for one in the New Hampshire Company when it was too late to do so.

*Decree affirmed, and cause remanded, with directions that a decree be entered for the defendants to recover their costs.*

NOTE. When this case was heard it was assigned to Mr. Justice Chase. Upon his retirement from the bench, and at the February Term, 1929, it was reassigned to Mr. Justice Moulton.