COMMONWEALTH *vs.* CERTAIN GAMING IMPLEMENTS AND PERSONAL PROPERTY, JOSEPH HOTZE, claimant.

Middlesex.   January 4, 1943. — March 30, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Gaming. Practice, Criminal*, Seizure of property, Forfeiture of property. *Limitations, Statute of. Words*, "Any trial."

The provision of G. L. (Ter. Ed.) c. 276, § 3, as amended by St. 1934, c. 340, § 15, that articles seized under a search warrant shall be kept "so long as necessary to permit them to be produced or used as evidence on any trial," would not justify the retention of seized gaming articles at the request of the Federal and State income tax departments for use in contemplated proceedings for violation of the income tax laws against persons arrested on such a warrant and prosecuted under the gaming laws.

The requirement of G. L. (Ter. Ed.) c. 276, § 3, as amended by St. 1934, c. 340, § 15, that gaming articles seized on a search warrant shall be forfeited and disposed of "as soon as may be" after "any trial," does not set a limitation upon the time for commencement of the forfeiture proceeding, but relates to the termination thereof, and a decree of forfeiture made "as soon as may be" after trial in the forfeiture proceeding itself was not barred by the fact that the proceeding had not been commenced until more than one year after final disposition of criminal proceedings for violation of the gaming laws against persons arrested on the warrant.

A decree of forfeiture of seized gaming articles, entered no more than a
month after trial in the forfeiture proceeding, could not be said not to
have been "as soon as may be" after the trial within G. L. (Ter. Ed.)
c. 276, § 3, as amended by St. 1934, c. 340, § 15.

INFORMATION, filed in the District Court of Somerville
on March 27, 1941, stating that on August 31, 1939, pur-
suant to a warrant issued by the court, the informant had
taken into his custody certain gaming implements and per-
sonal property, including money, that it was not necessary
that such implements "should be longer kept for the pur-
pose of being produced or used as evidence on any trial,"
and that such implements and personal property had "be-
come forfeited"; and praying that such implements be
ordered destroyed and that the personal property be ad-
judged forfeited and sold.

On April 12, 1941, Joseph Hotze appeared as claimant
and filed a petition praying that the proceeding be dismissed
and the property in question be returned to him as owner
for the alleged reason, among others, that the proceeding
was not commenced seasonably after January 23, 1940,
when "proceedings, by trial or otherwise, against persons
charged with any offenses having any relation to said prop-
erty, or [in] which said property might or could have been
used or admitted in evidence, were finally and completely
disposed of." The claimant's petition was denied and a
decree of forfeiture was entered.

Upon appeal by the claimant to the Superior Court, the
case was heard by *Brogna*, J., upon an agreed statement
of facts. On November 13, 1942, the judge made a "Decree
and Decision" adjudging all the property in question
forfeited, ordering its disposition by sale and otherwise,
and denying the claimant's petition. The judge stated in
substance that "in making . . . [his] decision" he "in-
structed . . . [himself] as a matter of law" that the fact,
that the Federal and State income tax departments had
requested retention of the property for use in contemplated
prosecutions "of the various defendants" for violation of
the income tax laws, "did not justify the forfeiture, the
retention, or the delay in bringing forfeiture proceedings of

the goods in question"; and he gave rulings to that effect requested by the claimant. The claimant appealed to this court from the "Decree and Decision."

The claimant's brief before this court contained the following: "This proceeding was not seasonably brought and is barred by the limitations of the statute [G. L. (Ter. Ed.) c. 276, § 3, as amended by St. 1934, c. 340, § 15]. . . . The present proceedings were not instituted for more than a year after the termination of the criminal proceedings which were the only proceedings at the trial of which the property could be used or received, or offered in evidence. This plainly is an unreasonably long time. It is not *as soon as may be.* The forfeiture proceedings are barred because of this limitation."

*W. P. Murray,* for the claimant.

*R. F. Bradford,* District Attorney, *& A. DiCicco, Jr.,* Assistant District Attorney, for the Commonwealth, submitted a brief.

LUMMUS, J. Upon a complaint to a District Court, a search warrant for gaming implements was issued under G. L. (Ter. Ed.) c. 271, § 23, as amended by St. 1934, c. 235, § 3, and c. 303, § 1. Upon the warrant certain persons, including Joseph Hotze, were arrested, and certain gaming implements and personal property were seized, on August 31, 1939. On January 23, 1940, the arrested persons entered pleas of guilty in the Superior Court. On March 27, 1941, proceedings for forfeiture of the seized property were begun. On April 12, 1941, Joseph Hotze appeared as claimant, alleging that he was the owner of the property. On appeal to the Superior Court, a judgment for forfeiture was entered on November 13, 1942, from which the claimant appealed to this court. G. L. (Ter. Ed.) c. 276, § 8; c. 278, § 28.

The case was submitted to the Superior Court upon agreed facts in the nature of a case stated. Compare *Commonwealth* v. *Gordon,* 159 Mass. 8.

The first contention of the claimant is that the place where the property was seized was not resorted to for the purpose of unlawful gaming. But the agreed facts recite that the property was seized "on premises in which illegal

gaming or lotteries were being carried on," which premises "were being used in the setting up and promoting of a lottery."

In the agreed facts it was set forth, subject to the question whether the evidence was admissible, that the income tax departments of the Commonwealth and the United States had requested the retention of the seized property for use in contemplated prosecutions of the arrested defendants for violations of the income tax laws. By G. L. (Ter. Ed.) c. 276, § 3, as amended by St. 1934, c. 340, § 15 (see also G. L. [Ter. Ed.] c. 271, § 23, as amended by St. 1934, c. 303, § 1), seized property or articles are to be kept "so long as necessary to permit them to be produced or used as evidence on any trial." The judge rightly ruled that this evidence would not justify the retention of the seized property. *Stricker* v. *Scott*, 283 Mass. 12, 14. The words "any trial" in our opinion do not extend to trials not involving gaming houses or gaming or the forfeiture of property seized.

The forfeiture was seasonably ordered. The statute provides that "as soon as may be afterward" — that is, after "any" trial, including the trial in forfeiture proceedings — the property seized shall be forfeited. G. L. (Ter. Ed.) c. 276, § 3, as amended by St. 1934, c. 340, § 15. This is not a statute of limitation. It relates to the termination, not the commencement, of forfeiture proceedings. The agreed facts in this case were filed on October 15, 1942. No later than November 13, 1942, less than a month thereafter, the case was tried and the property adjudged forfeited. We cannot say that the forfeiture was not "as soon as may be" after the trial. The money seized as well as the other property was properly forfeited. G. L. (Ter. Ed.) c. 276, § 1, as amended by St. 1934, c. 303, § 2. G. L. (Ter. Ed.) c. 276, § 7, as amended by St. 1934, c. 235, § 2.

*Judgment affirmed.*