COMMONWEALTH *vs.* ALLEGED GAMING APPARATUS AND IMPLEMENTS AND MONEY, FRANCIS J. SULLIVAN, claimant.

Bristol. November 1, 1956. — January 7, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Practice, Criminal,* Forfeiture of property, Case stated, Requests, rulings and instructions, Waiver, Order of notice. *Waiver.*

Where a proceeding for forfeiture of gaming apparatus seized on a search warrant was heard on a statement of agreed facts, requests for rulings had no standing and need not be considered; it was the duty of the judge to order the correct judgment on the agreed facts. [225]

In a proceeding for forfeiture of money seized on a search warrant under G. L. (Ter. Ed.) c. 271, § 23, as amended by St. 1934, c. 303, § 1, a material defect in the notice served on the claimant in misstating the amount of money involved was waived by him by proceeding to trial on the merits in the District Court without raising the question of such defect, and he was not entitled to raise it in the Superior Court on appeal. [225–226]

The fact that money seized on a search warrant at a place resorted to for unlawful gaming was seized at a time when no person was engaged in

unlawful gaming there was immaterial where the seizure was under G. L. (Ter. Ed.) c. 271, § 23, as amended by St. 1934, c. 303, § 1, and did not prevent forfeiture of the money in a proceeding for forfeiture under § 23 and §§ 3, 4, 5, 6, 7, and 8 of c. 276. [226–228]

INFORMATION, received and sworn to in the Third District Court of Bristol on October 1, 1952, seeking forfeiture of certain property seized on a search warrant.

Upon appeal to the Superior Court, the case was heard by *Smith, J.*

In this court the case was submitted on briefs.

*George P. Ponte,* for the claimant.

*Maurice M. Lyons,* District Attorney, for the Commonwealth.

SPALDING, J.   This is a proceeding to forfeit property. The case was submitted to a judge of the Superior Court on a statement of agreed facts which may be summarized as follows: On September 26, 1952, police officers acting under a duly issued search warrant entered the dwelling house of Francis J. Sullivan in New Bedford and seized the following property: "One block of tally sheets, five Armstrong sheets, one . . . electric adding machine, . . . one . . . metal folding table, a quantity of booking slips and $2,600 in currency."   At the time the officers entered the house Edward H. Sullivan, brother of Francis, was standing in the doorway of the room in which the above described property was found.   No one else was present.   The officers "did not know from what source the money came nor for what purpose the money was used."

On September 27, 1952, complaints were brought in the District Court charging Francis and his brother with "maintaining a gaming nuisance; registering horse bets; possessing lottery tickets; and promoting a lottery."   Both were found not guilty of maintaining a gaming nuisance and both were found guilty on the other complaints.   Upon appeal to the Superior Court each was convicted of promoting a lottery and registering bets in violation, respectively, of §§ 7 and 17 of G. L. (Ter. Ed.) c. 271.

Proceedings for forfeiture of the seized property were like-

wise instituted in the District Court and Francis J. Sullivan in whose home the property was seized appeared as claimant. After hearing, the seized property including the money was ordered forfeited. The claimant appealed to the Superior Court (G. L. [Ter. Ed.] c. 276, § 8), and the judge ordered a forfeiture of the property and reported the case. We are concerned only with the forfeiture of the money, for that was the only matter in issue in the Superior Court. No contention is made that the other property was not properly forfeited. It is agreed that the money belonged to the claimant at the time it was seized.

The claimant filed numerous requests for rulings but the action of the judge respecting them is not brought here by the report and will not be considered. The case was presented on a case stated and it is settled that in such a case requests for rulings have no technical standing, need not be dealt with, and amount only to arguments on the agreed facts. *Howland* v. *Stowe*, 290 Mass. 142, 146. *Antoun* v. *Commonwealth*, 303 Mass. 80, 81. *D'Olimpio* v. *Jancaterino*, 304 Mass. 200, 202. It is the duty of the judge to order the correct judgment on those facts. The question, therefore, brought here by the report is whether the order for judgment on the case stated was correct. See *Quincy* v. *Brooks-Skinner, Inc.* 325 Mass. 406, 410–411.

1. The claimant contends that on the notice by which the forfeiture proceedings were commenced the court could not order a forfeiture of the money here claimed.[1] It appears that the original information on file in the District Court stated that the amount of money to be forfeited was $2,600. The officer's return on the warrant likewise recited that $2,600 had been seized. An order of notice issued setting forth the time and place of the hearing and ordering attested copies of both the information and the order to be served on the claimant and to be posted on his premises. In the copies so served and posted it was stated that the amount to be

---

[1] The forfeiture proceedings were carried out under G. L. (Ter. Ed.) c. 276, §§ 3, 4, 5, 6, 7, and 8, which by c. 271, § 23, are made applicable to property seized under that section.

forfeited was $26 instead of $2,600. There could of course be no forfeiture of the claimant's property without notice and the statute so provides. G. L. (Ter. Ed.) c. 276, §§ 4, 5. See *Attorney General* v. *Justices of the Municipal Court of the City of Boston*, 103 Mass. 456, 468–469. Such a notice must inform the claimant with reasonable particularity of the property intended to be forfeited. Obviously a notice reciting that $26 is to be forfeited is a very different thing from a notice looking to the forfeiture of $2,600. The notice in this respect was defective and the defect was not immaterial. But we are of opinion that it is not now open to the claimant to raise this question. The forfeiture proceedings were first heard in the District Court and it does not appear that the question of the insufficiency of notice was there raised. It was incumbent on the claimant to raise that question there. Had the question been raised there the defect in the notice could have been easily remedied. It is provided by G. L. (Ter. Ed.) c. 276, § 6, that "If, at the time appointed for the trial, such notice has not been duly served . . . or if other sufficient cause appears, the trial may be postponed to another day and place and further notice issued." The claimant could not sit by and try the case on the merits and raise the question of defective notice for the first time in the Superior Court, upon appeal. See *Commonwealth* v. *Certain Gaming Implements*, 141 Mass. 114, 116; *Phillips* v. *Suffolk Savings Bank*, 219 Mass. 597, 601; *Miami Grove Inc.* v. *Licensing Board for Boston*, 312 Mass. 318, 323–324.

2. Admittedly the money here involved was not seized at a time when persons were engaged in unlawful gaming. Relying on *Commonwealth* v. *Certain Gaming Implements*, 317 Mass. 160, 162, the claimant argues that in these circumstances the money was not subject to seizure and forfeiture. But that case was argued and decided on the footing that the seizure there involved was made under G. L. (Ter. Ed.) c. 276, § 1, Eleventh, as amended by St. 1934, c. 235, § 1, which authorized the seizure, under a search warrant, of "furniture, fixtures and personal property, including

money, found . . . [in premises resorted to for unlawful gaming] *at a time when persons are engaged in unlawful gaming*" (emphasis supplied). Accordingly it was held that the seizure of such property at a time when persons were not engaged in unlawful gaming was improper.

But the Commonwealth contends that the money in the case at bar was seized under G. L. (Ter. Ed.) c. 271, § 23, as amended by St. 1934, c. 303, § 1, which contains no such limitation. An examination of the warrant convinces us that it was unquestionably issued under § 23, for it conforms closely to the language of that section. Section 23 authorizes the issuance of search warrants empowering certain officers, including police officers, to enter premises used or kept "for a common gaming house, . . . for promoting a lottery, . . . or registering of bets upon any race, game, contest, act or event"; to arrest "the keepers thereof, all persons in any way assisting in keeping the same . . . , all persons who are there found participating in any form of gaming and all persons present whether so participating or not, if any lottery, policy or pool tickets, slips, checks, manifold books or sheets, memoranda of any bet . . . are found in said place"; and to seize ". . . all the personal property, *including money* . . . there found" (emphasis supplied). It is to be noted that there is no such limitation with respect to the seizure of money as is found in § 1, Eleventh. Section 23 further provides that persons arrested and the property seized are to be kept "so that they may be forthcoming before some court or magistrate to be dealt with according to law" and that the provisions of G. L. (Ter. Ed.) c. 276 "relative to disposal of gaming articles seized upon search warrants shall apply to all articles and property seized as herein provided for." Turning to c. 276 we find that the sections governing forfeiture proceedings are §§ 3, 4, 5, 6, 7, and 8. But nothing contained in these sections precludes the forfeiture of money seized under § 23 in the circumstances here disclosed. Despite the claimant's argument to the contrary, the conclusion is irresistible from the agreed facts that the money was seized at a place resorted to for

unlawful gaming and that it was used in connection therewith. Compare *Commonwealth* v. *Gaming Implements*, 155 Mass. 165, 168. We are of opinion, therefore, that the seizure of the money was proper and that it was rightly forfeited. *Commonwealth* v. *Certain Gaming Implements*, 313 Mass. 409, 412.

*Order for judgment affirmed.*