*The Northern Division*
No. 6264

# EMERSON RADIO OF NEW ENGLAND

v.

# STEVENS TELEVISION & APPLIANCE CORPORATION

# AND

# GUARANTY TRUST COMPANY, TRUSTEE

42

*Present*:   Brooks, P.J., Parker, Durkin, J.J.

Case tried to *Parker, J.*, in the Second District Court of Eastern Middlesex #8631 of 1964

*PARKER, J.   This is a proceeding on a claimant's petition filed under G.L. c. 246, § 33 and 34.*   The claimant is the American Acceptance Corporation.  The case arises under the following circumstances.  The plaintiff brought an action in contract against the defendant (debtor), with an ad damnum of $1,500.00.  The claimant filed this petition to enforce its claim against the funds held under the attachment.

The case was submitted under an agreed statement of facts, as amended, and stipulations by the defendant, the trustee and the defendant's assignee for the benefit of

---

*This opinion has been abridged.

creditors. The statement recites that "These are all the facts material to the issues submitted, and no inferences are to be drawn therefrom".

The case is therefore a "case stated" under G.L. c. 231, § 126, and the issue is whether upon these facts the claimant has established his claim. *Cunningham* v. *Conn. Fire Ins. Co.,* 200 Mass. 333, 334.

See *Rosenthal* v. *Liss,* 269 Mass. 373, 374.

The agreed facts are that the claimant financed sales to the debtor under a security agreement, properly recorded with the Secretary of the Commonwealth on 26 July 1963, and with the Clerk of the City of Boston on 5 August 1963. The financing statement filed with the security agreement provided that proceeds of collateral were also covered. Also, that on 19 May 1964, the debtor deposited with the trustee, Guaranty Trust Company, $363.90. On May 1964 the plaintiff, a creditor of the debtor, issued a writ against the debtor naming the Guaranty Trust Company as trustee. On 20 May 1964, at the close of business, the debtor's balance with the trustee was $2,922.80. Service of the writ was made on the trustee 21 May 1964, and the trustee answered funds in the amount $1,500.00, the ad damnum of the writ. On 21 May 1964, after the time of the attachment, the debtor deposited $568.78 with the trustee, and on 22 May 1964, he further deposited with the trustee $350.24.

On 27 May 1964 the debtor paid the claimant $733.75 from the account with the trustee, this payment being on account of the proceeds received from sales of merchandise subject to the security agreement. On 29 May 1964 the debtor executed an assignment for the benefit of creditors. On this date the debtor's account with the trustee was $1,922.36, being a balance left after the deposits of 21 and 22 May, totalling $919.02, and after the trustee had paid out $1,590.80, including the sum of $733.75 paid to the claimant on 27 May.

The statement further recites that the ten (10) day period referred to in G.L. c. 106, § 9-306 (4) (d) (ii) was from 19 to 28 May 1964 inclusive, and that is cannot be determined whether the deposits within the ten (10) day period were from sales of merchandise covered by the security agreement.

The claimant asserts its rights against the funds held by the attachment under the provisions of G.L. c. 106, § 9-306, contending that ''proceeds'', within the meaning of said chapter include all deposits made by the debtor with the trustee within the ten (10) day period, whether the proceeds are from the sale of specific merchandise covered by its security agreement or not. The plaintiff denies this assertion.

By amendment to the agreed statement of facts, it is recited that the amount due the claimant by the debtor on the date the claim-

ant filed his present petition was $2,623.06 and this is still due claimant. The debtor also stipulates that it owes the plaintiff this amount (less four cents) and further states that it does not desire to be heard.

The trustee stipulates it holds $1,500.00 under thep laintiff's attachment and is ready and willing to distribute the same as the court may order and further that it does not desire to be heard.

The assignee for benefit of creditors of the defendant, stipulates it has no interest in the funds held under attachment by the trustee and further that he does not desire to be heard.

The agreed statement of facts states that the question submitted to the court is whether the claimant is entitled to any part of the funds now held by the trustee under the attachment.

The trial judge ruled on the claimant's petition, as follows:

"— I rule that as between the claimant and the plaintiff — Chapter 106 of our General Laws (Uniform Commercial Code) applies and, more specifically, the following sections and subsections of that Chapter: Sec. 9-306 sub-sections (1) (3) a-b (4) (d) — (ii).

Of the funds held by the trustee, Guaranty Trust Company, the claimant is entitled to $549.35 with costs."

The agreed statement of facts has no recital as to the origin of the balance in the debtor's

account with the trustee on 19 May 1964 of $363.90. It does not show the source of the total account of the debtor with the trustee on the date of attachment, 21 May 1964. The statement adds that deposits were also made by the debtor with the trustee on 21 May 1964 and on 22 May 1964 but it does not state the source of these deposits. There were no further deposits in the account.

The claimant seeks, under the provisions of G.L. c. 246 § 33, to have his title to the credits in the hands of the trustee determined. The basis of the claim is that all deposits made in the debtor's bank account within the ten (10) day period are "proceeds" under the provisions of G.L. c. 106, § 9-306. The plaintiff denies this, on the grounds that the claimant, a secured creditor with a perfected interest in proceeds, has no interest in the amount attached, since this amount is not "proceeds" under G.L. c. 106, § 9-306.*

The plaintiff's argument is that the claimant fails to sustain its claim because it cannot establish:

    (a)   that there were any receipts from the sale of the secured creditor's col-

---

*The agreement of facts does not recite that the claimant is a secured creditor with a perfected security interest in proceeds, but the plaintiff in its brief concedes this by stating the issue to be whether a secured creditor with a perfected security interest in the original collateral, and in any proceeds, has "a right to funds in an insolvent debtor's bank account" under the conditions stated.

lateral within ten days of insolvency;

(b) that funds deposited within the ten day period were:

(1) received within said period by the debtor, and

(2) received from sales of collateral in which the secured creditor held a security interest;

(c) that the deposits made within the ten (10) day period were from sales of any collateral;

(d) the source of any deposit made within the ten (10) day period.

Does the agreed statement of facts estabish the facts upon which the plaintiff bases his attack upon the claim made against the funds attached by the plaintiff? The agreed facts fail to show the source of any of the funds in the debtor's bank account with the Trustee. All that the facts disclose is that the account of the debtor stood at certain totals at certain times; that certain deposits were made therein at certain times; that various amounts were paid out of the account during these times and that among these payments was one of $733.75 paid by the debtor out of the bank account to the claimant ''on account of the proceeds received from the sale of merchandise subject to the Security Agreement''.

The claimant has failed to show that:

(1) within ten (10) days of insolvency of the debtor there were any receipts from the

sale of collateral furnished by the debtor to the claimant;

(2) The funds deposited within the ten (10) day period were received by the debtor within that period and were from sale of collateral in which the claimant had a security interest;

(3) the deposits made within the ten (10) day period were from the sale of any collateral, or the source of any deposit made within the ten day period.

The controlling provisions of the Uniform Commercial Code are G.L. c. 106, § 9-306; " 'Proceeds'; Secured Party's Rights on Disposition of Collateral" sub-sections (1); (2); (3); (a); (4); (d) (ii) reading as follows:

"(1) 'Proceeds' includes whatever is received when collateral or proceeds is sold, exchanged, collected or otherwise disposed of, .... Money, checks and the like are 'cash proceeds'. All other proceeds are 'non-cash proceeds'.

(2) Except where this Article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor unless his action was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.

(3) The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected but it ceases to be a perfected security inter-

est and becomes unperfected ten days after receipt of the proceeds by the debtor unless

    (a)    a filed financing statement covering the original collateral also covers proceeds;——.

(4) In the event of insolvency proceedings instituted by or against a debtor, a secured party with a perfected security interest in proceeds has a perfected security interest

(d) in all —— bank accounts of the debtor, if other cash proceeds have been commingled or deposited in a bank account, but the perfected security interest under this sub-paragraph (d) is ....

(ii) limited to an amount not greater than the amount of any cash proceeds received by the debtor within ten days before the institution of the insolvency proceedings and commingled or deposited in a bank account prior to the insolvency proceedings less the amount of cash proceeds received by the debtor and paid over to the secured party during the ten day period."

Sub-paragraph (2) supra, refers to a security interest. G.L. c. 106, § 1-201 (37) defines security interest as "an interest in personal property —— which secures payment or performance of an obligation". While there is no definition of a perfected security interest, G.L. c. 106, § 9-303 states how a security interest becomes perfected. Sub-section (2) supra, while it does not refer to a perfected security inter-

est, refers to "a security interest" and a perfected security interest is a security interest. Therefore sub-paragraph (2) supra applies to a perfected security interest.

However, sub-section (2) supra states that the security interest continues in any *idenfifiable proceeds*. The Agreed Statement of Facts specifically states that it cannot be determined if the deposits made in the bank accounts were proceeds of the merchandise covered by the security agreement between the debtor and the claimant. The financing statement is not made a part of the Statement of Agreed Facts, so we do not know what the collateral consisted of, and, from the Statement, it is plain that the proceeds of the collateral cannot be identified as a part of the three deposits made in the bank account, or that the bank account at any time contained proceeds from the collateral. Therefore on the facts before the Court there are no proceeds identifiable with the collateral.

As to sub-paragraph (3) supra, we are of the opinion that the claimant would have a perfected security interest in the proceeds of the sale of the collateral since the Agreed Statement of Facts states that the financing statement properly filed, covered proceeds of the collateral. However, this does not help the claimant since under the Agreed Statement of Facts, it is not shown that the proceeds are identified as being in the bank account.

Since the assignment for the benefit of credi-

tors is an insolvency proceeding of the debtor (G.L. c. 106, § 1-201 (22)), under sub-section (4) (d) (ii) supra the claimant would have a perfected security interest in all bank accounts of the debtor "if other cash proceeds have been deposited in a bank account". Cash proceeds is money, or checks received when collateral is sold. Sub-paragraph (1) supra.

The agreed statement of facts does not show that these deposits were proceeds of collateral or that they were cash proceeds of the collateral under the security agreement and financing statement of the claimant, or that the bank account was a commingling of cash proceeds. The Agreed Statement is explicit in stating that it cannot be determined if the deposits were proceeds from the merchandise covered by the security agreement and the Agreed Statement does not state what the source of the deposits was. By the Agreed Statement, it cannot be inferred that these deposits were proceeds of the collateral under the security agreement between the debtor and the claimant, so there is no amount of cash proceeds received by the debtor from the collateral which can be determined to be commingled or deposited in the bank account ten days prior to the insolvency proceeding. The Agreed Statement of Facts fails to show that the seven hundred thirty-three dollars and fifteen cents (733.15) paid to the claimant from the debtor's account also was derived from the proceeds of

the sale of the collateral under the security agreement and finance statement, even though the Agreed Statement of Facts states that the payment was "on account of the proceeds received from the sale of merchandise subject to the security agreement". The words "on account" show that the amounts so paid were not from funds identified as being proceeds of the sale of collateral, but were payments from the account of the debtor to be credited against the amount owed by the debtor to the claimant.

The claimant under the agreed statement of facts is unable to trace any of the money in the bank account to proceeds from the sale of collateral on which it had a security interest. The Court may not assume, and particularly so in a case where no inferences are to be drawn, the source of money in the bank. The burden is on the claimant to trace cash proceeds received by the debtor from the disposition of secured collateral into the bank deposit and this it has not done. The cash which the claimant seeks and which was received by the debtor and deposited more than ten days prior to insolvency (G.L. c. 106, § 9-306, (2) & (4)) is not identifiable cash proceeds received from the sale or disposition of any collateral. Thus it is free from any security interest of the claimant. Even if it could be inferred that some of the bank account arose from the sale of collateral, that does not entitle the claimant to retain proceeds which may have come from

a source in which he had no perfected security interest.

*Howarth* v. *Universal C.I.T. Credit Corp.,* 203 F. Sup. 279 U.S. Dist. Ct. W.D. Penna.

The court was in error in finding for the claimant and that claimant's petition should be denied. Accordingly, it is so ordered.

KLAINER & KAPPEL

for the Plaintiff

JAMES H. DUFFIN

for the Defendant