*Western District*

### GEORGE E. GIOKAS AND ESTELLE GIOKAS

*v.*

### MIDDLESEX MUTUAL INSURANCE COMPANY

Argued: April 12, 1972 - Decided: June 19, 1972

*Present:* Allen, J. (Presiding), and Dudley, J.
Case tried to *Melquist, J.,* in the District Court
(Worcester) Case No. 174551.

Dudley, J. This is an action to recover damages for a loss allegedly covered under a policy of insurance issued to the plaintiffs by the defendant.

The defendant's answer was a general denial and absence of coverage.

The case was submitted to the trial judge on a statement of agreed facts. He found in favor of the plaintiffs in the sum of $272.00.

In substance the agreed facts indicated that

about September 18, 1970, during the night time a certain person or persons entered the premises covered by the policy, namely 84 Pleasant Street, Worcester, Massachusetts, causing the following damage: screen damaged by rock, partition panel dented at area struck by rock; lock on sliding doors on credenza damaged; drawers on underside of desk damaged; splinters of glass from broken windows and dirt tracks on rugs. Said person or persons forcibly opened and damaged desk drawers of three desks. There were pry marks on the middle desk. There was damage to an aluminum screen which was found on the roof of an adjacent building. A partition panel was scratched and dented by the rock which had been thrown through the rear window. There were also scratches on the formica on a credenza and a broken lock on it. There was a broken clasp or hasp on a leather folder type brief case. There were also scratch marks on the safe near the upper left hand side of the door. There were articles of personal property located at the premises consisting of a tape recorder, typewriters, adding machines which were not damaged or taken from the premises. To the best knowledge of the parties there was nothing taken from the premises. The total damage to the personal property was in the sum of $272.00.

There was no issue of late reporting or failure to report presented in this case.

While the insurer has paid for damage to

the building, yet, the insurer has refused to pay for damage to the personal property alleging that there is no coverage under endorsement M L B 121 for such personal property.

The only issue is one of coverage.*

The defendant duly filed the following requests for rulings:

1. The evidence does not warrant a finding for the plaintiff.

2. The evidence does not warrant a finding that the loss was caused by action which was wilful and malicious.

3. As a matter of law under the plaintiffs policy there is no coverage for damage to personal property caused by vandalism and malicious mischief in connection with a burglary.

4. As a matter of law, the loss was

---

\* Endorsement M L B 121 reads in its applicable parts as follows:—

"*Vandalism and Malicious Mischief Endorsement*":

The perils of Vandalism and Malicious Mischief, as defined and limited herein, are added to and made a part of the "Perils Insured Against" section of the forms of which this endorsement is made a part and apply to the Section 1 coverage indicated:

*Coverage A — Building(s)* X Coverage B—*Personal Property Loss by vandalism or malicious mischief* shall mean only the wilful and malicious damage to or destruction of the property covered. The company shall not be liable, as respects these perils, for any loss:

2. by pilferage, theft, burglary or larceny, except "for wilful damage to the buildings covered here under caused by burglars".

caused by vandalism or malicious injury in connection with a burglary.

The Court refused to act on the requests for rulings.

■. This case constitutes a "case stated" since the statement of agreed facts contains all the material facts upon which the rights of the parties are to be determined. *Rogers* v. *Atty. General,* 347 Mass. 126, 130. *Caissie* v. *Cambridge,* 317 Mass. 346, 347. *Vespa Co.* v. *Construction Service,* 343 Mass. 547, 571.

■ It was the duty of the trial judge to order the judgment required by the application of the correct principles of law to the facts stated. *Kimball Co.* v. *Medford,* 340 Mass. 727, 728, 729.

On review, the Appellate Division may draw from those facts any inferences that the trial justice could have drawn, G.L. c. 231, § 126, and the Appellate Division is not bound by the inferences drawn by the trial justice. *Caissie* v. *Cambridge,* 317 Mass. 346, 347. *Rogers* v. *Atty. General,* 347 Mass. 126, 130.

As the question involved in this case is reported on a statement of agreed facts constituting a "case stated", it is the duty of the Appellate Division to order the correct judgment on the facts stated. *Commonwealth* v. *Alleged Gaming Apparatus, etc.,* 335 Mass. 223, 225. *Kimball Co.* v. *Medford,* 340 Mass. 727, 728, 729.

In reviewing a decision on a "case stated",

the Appellate Division decides the questions of law involved, unaffected by the decision of the trial justice. *Rogers* v. *Atty. General,* 247 Mass. 126, 130.

There was no error in the refusal of the trial justice to act upon the requests for rulings filed by the defendant. On a case stated, requests for rulings have no standing. *Associates Discount* v. *Gilman,* 322 Mass. 490, 491. *Simmons* v. *Cambridge Savings,* 346 Mass. 327, 329. *Redden* v. *Ramsey,* 309 Mass. 225, 227.

The only duty of the judge was to order a correct judgment on the agreed facts. *Howland* v. *Stowe,* 290 Mass. 142, 146 and cases cited.

 The burden is on the plaintiffs to prove that their loss was within the description of the risks covered. *Tumblin* v. *American Ins. Co.,* 344 Mass. 318, 320. *Muchnick* v. *Bay State Harness, etc.,* 341 Mass. 578, 583.

By the terms of the policy the loss was covered unless it came about thru pilferage, theft, burglary or larceny. "Pilferage" is defined as "some form of stealing". Black's Law Dictionary 4th Edition 1305. "Theft" is defined as an unlawful taking of anothers property. Black's Law Dictionary 4th Edition 1647. "Burglary" is defined as "the breaking and entering the house of another in the night tim,e with intent to commit a felony therein, — — —". Black's Law Dictionary 4th Edition 247 and cases cited.

In Massachusetts, unlike some states where burglary is made a crime by statute, to constitute the crime of burglary, the offense must be committed in a dwelling house. G.L. c. 266, § 14. *Commonwealth* v. *Barney,* 10 Cushing 478. *Commonwealth* v. *Buzzell,* 16 Pick. 153.

"Burglary" at common law is the breaking and entering into the dwelling of another in the night time with intent to commit a felony. *Commonwealth* v. *Lewis,* 346 Mass. 373. 4 Blackstone's Commentaries 224.

On the case stated there is no evidence of pilferage or theft.

On the case stated this Division, from the description of the premises covered, infers that the premises were commercial in nature and did not constitute a dwelling.

Since nothing was removed and the damage or loss did not occur within a dwelling, there was no burglary.

The damage done and the loss caused to the plaintiffs was the result of vandalism or malicious mischief and was covered by the policy.

There was no error in the ruling of the trial judge that the loss did not come within the exclusions under the policy.

**The judgment of the court below is affirmed.**

*Names of counsel have been omitted because they were not given to the reporter.*